CONCETTA SINNO, Petitioner, *v.* ALPHONSO SINNO, Respondent.

Domestic Relations Court of New York, Family Court, New York County, August 4, 1940.

*Louis A. Hulnick*, for the petitioner.

PANKEN, J. The right to file a petition in this court by a wife for support from her husband is not taken from the wife if an agreement was entered into between the parties to live separate and apart. No agreement between husband and wife to live separate and apart deprives a child of proper support by the person chargeable therewith. Nor does it preclude the court from entering an order making proper provision for the support of the child.

Where a spouse makes application for support in this court from the one chargeable with her support — to wit, the husband — and where there has been a separation by agreement, an order in this court can only be made for her support if proof is submitted that she is a public charge or likely to become one.

An agreement entered into between parties is not a scrap of paper to be disregarded by either of the contracting parties. The court will give it the force and legal effect which any contract is to be given.

The fact that the contract has been entered into between persons who are closely related because of a marriage, seems to me to clothe

the contract with greater solemnity than an ordinary contract involving a business transaction. When parties to a marriage relationship, who have brought into the world six children, five of whom are living, enter into an agreement separating themselves one from the other, it must be assumed that every phase of the contract was carefully considered and seriously weighed; it does not only affect the interest and the rights of the husband and the wife, it also affects the interests of and the rights of the children.

Agreements of separation between husbands and wives, particularly where there are children, are not entered upon as lightly as an agreement, for instance, to purchase $100 worth of merchandise; or for the possible repairs in a house, or outfitting a store, or inserting glass in windows.

In most instances the marriage contract is deemed to be of very serious import by the parties to it. In some instances separation agreements are entered into without due and deliberate consideration. But the law and the instrumentalities for its administration instituted amongst us for the purpose of preserving to all of us our right to even-handed justice and the preservation of those institutions which the law and social usage and civilization have developed, must of necessity give the separation agreement between husband and wife weight, force, validity and enforcibility.

It is a serious thing to enter into a separation agreement. By far more serious, in my judgment, where there are children involved, than entering into the marriage contract. The marriage contract may only affect the persons who enter into it. A separation agreement affects others as well, and the community also.

I conclude, as a matter of fact, that there is a valid separation agreement between these parties, despite the testimony of the woman that the man had slept in the house and that she had cooked for him. That does not constitute condonation. I believe the man when he said he did not sleep in the house at all, but that she did cook for him.

The purpose of a separation agreement may be changed by the parties, and that change may occur as the result of conduct as well as by an actual understanding as to the change.

It was not the intention of the State Legislature to give a man or a woman the right to disregard a contract entered into to live separate and apart and have recourse to the court for possibly a better arrangement than the contract provides.

The purpose of section 137 of the Domestic Relations Court Act of the City of New York, which reads in part: " After final adjudication by the Supreme Court denying alimony in a separation action, if in the opinion of the Family Court the circumstances of

the parties have changed or if it is shown to the satisfaction of the Family Court that the petitioner is likely to become a public charge, the Family Court may entertain a petition for support," is to save the community from the burden which should be carried by the one legally' chargeable therewith — that even where an adjudication has been had by a court of competent jurisdiction.

The agreement between the parties is not more effective or binding than the judgment of the Supreme Court. In so far as a child is concerned, the mandate of the act is specific. The last sentence of section 137 reads: " An agreement to separate shall in no way preclude the filing of a petition for the support of a child or the making of an order for its support by the Family Court, or for the support of a wife who is likely to become a public charge."

It is conceivable that a woman may enter into an agreement with her husband requiring him to pay her nothing, in order to be· rid of him and then call on the· public purse for maintenance. In such an instance the legal obligation continues with the husband.

The provision of law is fair and just, that if a woman is a public charge or likely to become a public charge, the agreement does not prohibit her from the right to come to this court and ask for maintenance.

The agreement is that she is to receive twenty-five dollars a week for support of the children — not of the child. There is only one child now which is entitled to support. The other children are self-supporting. She accepted $300 in lieu of any future support.

Of course, that is a stupid agreement which the respondent entered into. There is no proof before me that she is a public charge, so that I must decide the case on the question as to whether she is likely to become a public charge. The boy earns either four dollars or eight dollars a week. The girl earns fifteen dollars a week. She gets six dollars a week. That gives the family unit an income of between twenty-five dollars and twenty-nine dollars a week.

The court will take notice of the fact that the welfare department will require persons living in community with others, as a family unit, to make contributions consonant with their earnings. If she were to make application now for home relief, she would not obtain it because of the income in the house. I will not preclude her from presenting a proper case.

On the evidence before me at this time, she is not entitled to any increase.