EMMA SCRIMA, Appellant, *v.* FRANK SCRIMA, Respondent.

First Department, January 29, 1943.

*Theodore U. Delson* of counsel (*Delson & Weintraub,* attorneys), for appellant.

*Harry H. Goebel* for respondent.

*Per Curiam.* Under the recent amendment of subdivision 1 of section 137 of the New York City Domestic Relations Court Act (Laws of 1942, ch. 762, in effect May 11, 1942, before the date of hearing herein), the Family Court Division of the Domestic Relations Court had jurisdiction to entertain this proceeding. That amendment expressly provides that if the marriage relationship shall have terminated by final decree of the Supreme Court of this State, or judgment of any other court of competent jurisdiction valid in this State, " a petition may be filed or an order for support made or enforced in the family court only for the benefit of a child of such marriage." This petition concededly was only for the benefit of the child of the marriage of the parties, and in our opinion came within the intent and purpose of the amendment.

The Florida decree incorporated the provisions of the agreement of May 9, 1938, relating to the maintenance of the minor child which expressly provided (1) that the four dollars a week paid for the child's support was subject to increase should the husband's income substantially increase and improve, and (2) that the terms of the agreement should be incorporated

in any decree in any action for divorce. The court had jurisdiction of the parties and the infant in this proceeding.

The order appealed from should be reversed and the proceeding remanded to the Domestic Relations Court to take proof on the issues raised.

MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ., concur.

Order unanimously reversed and the proceeding remanded to the Domestic Relations Court to take proof on the issues raised.