ALICE HELMAN, on Behalf of JEFFRY HELMAN, Petitioner *v.* CHARLES HELMAN, Respondent.*

Domestic Relations Court of the City of New York, Family Court, Bronx County, November 3, 1947.

* Because of previously published Supreme Court opinions, names are here not disguised despite section 52 of the New York City Domestic Relations Court Act (L. 1933, ch. 482).

*Louis Handwerger* for petitioner.

*Charles Helman,* respondent in person.

SICHER, J. This statutory proceeding for support of a child is a sequel to prior matrimonial litigation in the Supreme Court of the State of New York, Bronx County, and the Second Judicial District Court of the State of Nevada, Washoe County; and it illustrates the exclusiveness and nature of this Family Court's jurisdiction to order prospective support of the child of a father residing or domiciled in the City of New York after divorce of the parents by decree entered outside the State of New York.

On May 23, 1946, the Supreme Court, Bronx County, granted to petitioner a judgment of separation which awarded to her custody of the child and $35 a week for him and herself. That was a contested action in which was made an express finding that defendant (respondent here) had collusively dissolved a partnership to minimize his ostensible financial ability to contribute support.

Subsequently, in January, 1947, respondent instituted an action for absolute divorce in the Second Judicial District Court of the State of Nevada, Washoe County. Petitioner filed answer and cross complaint; and on March 18, 1947, she procured also from that court a decree which likewise awarded her custody of the child, $20 a week for him, and $15 a week for herself. That decree contained too a provision " that the payments for the purposes herein set forth shall be in lieu of and

supersede the order of the Supreme Court of the State of New York in and for the County of Bronx requiring the plaintiff to pay to the defendant the sum of $35 a week for the support and maintenance of the defendant and the support, maintenance and education of the minor child of the parties."

Until entry of the Nevada decree and for a short time thereafter respondent continued to pay petitioner $35 weekly. But on his defaults she moved in the Supreme Court, Bronx County, for an order directing the entry, in said separation action, of a supplementary judgment for the amount of then arrears and a declaration that such separation judgment was still valid and superior to the Nevada decree with respect to the money provisions.

That motion was denied by Supreme Court Justice HENRY CLAY GREENBERG in an explanatory opinion (*Helman* v. *Helman,* 191 Misc. 201), in which he distinguished *Estin* v. *Estin* (296 N. Y. 308) as relating only to alimony under a separation judgment which had been followed by a *constructive service default* sister State decree (see 47 Col. L. Rev. 1069); and held that the case before him came instead within the authority of *Senor* v. *Senor* (272 App. Div. 306) because the movant had affirmatively invoked the jurisdiction of the Nevada court.

Thereupon, as the Supreme Court of the State of New York has no jurisdiction to order support of a child independently of a matrimonial action (*Matter of Bedrick* v. *Bedrick,* 151 Misc. 4, affd. 241 App. Div. 807; *Moen* v. *Thompson,* 186 Misc. 647, 650; *Snyder* v. *Snyder,* 72 N. Y. S. 2d 881, 883; see " *Mooney* " v. " *Mooney* ", 187 Misc. 789) and this child and his father were then, and now are, residing in the city of New York, the mother properly invoked the exclusive jurisdiction of this Family Court to make a prospective order for that child's support (see *Schacht* v. *Schacht,* 58 N. Y. S. 2d 54; second opinion, 187 Misc. 461).

A petition was accepted for the child only, not also one for the mother individually; for, this court has no jurisdiction to order support for an ex-wife (N. Y. City Dom. Rel. Ct. Act, § 137, subd. 1; see " *Cannon* " v. "*Cannon* ", 190 Misc. 677).

There can be no doubt as to the mother's right at this time to file a petition for the child's support (N. Y. City Dom. Rel. Ct. Act, § 111) and collect the ordered payments in his behalf (N. Y. City Dom. Rel. Ct. Act, § 29, subd. 2). The custody award in the March 18, 1947, Nevada divorce decree, entered **upon appearance of both parties, must be accorded full faith**

and credit (see *Senor* v. *Senor, supra; Ansorga* v. *Armour*, 267 N. Y. 492).

However, this court has no jurisdiction to enforce any *financial* provision of that Nevada decree *as such;* nor is its $20 a week figure necessarily binding on the child (*Scrima* v. *Scrima*, 265 App. Div. 483; see " *Stone* " v. " *Stone* ", 44 N. Y. S. 2d 558; *Schacht* v. *Schacht, supra*).

Nonetheless, this court does have power to enter against a respondent-father residing or domiciled in New York City an order in a " fair and reasonable amount " (N. Y. City Dom. Rel. Ct. Act, § 101, subd. 1) for support of his child. (See " *Johnston* " v. " *Johnston* ", 177 Misc. 618; *Schacht* v. *Schacht, supra; Mallina* v. *Mallina*, 167 Misc. 343.) And, although the amount directed in said March 18, 1947, Nevada divorce decree is not conclusive in the instant proceeding, it was fixed so recently in litigation between the parents as to be strongly evidential herein and one of the material " circumstances of the respective parties " under subdivision 1 of section 92 of the Domestic Relations Court Act of the City of New York.

Respondent's remarriage and the second wife's pregnancy do not relieve him of his duty to support the child of his first marriage nor upon the present record diminish the extent of such duty. The second wife married him at Reno, Nevada, with full knowledge of that child's existence and of the Nevada court's direction for its support.

Unquestionably, the primary obligation for support of a minor child rests upon its father. (*De Brauwere* v. *De Brauwere*, 203 N. Y. 460. Cf. *Anonymous* v. *Anonymous*, 171 Misc. 644; *Anonymous* v. *Anonymous*, 173 Misc. 679.) And the measure of such obligation is the child's present needs in relation to the father's present financial ability (*Mallina* v. *Mallina*, 167 Misc. 343, *supra;* N. Y. City Dom. Rel. Ct. Act, § 101, subd. 1), regardless of the mother's resources.

Moreover, the just-cited statutory provision implies maintenance not merely at the bare subsistence level of public relief budgets but upon a standard commensurate with the father's economic condition. (See " *Johnston* " v. " *Johnston* ", *supra*.) And Department of Welfare of the City of New York now pays approximately $14.50 a week for boarding home care of a dependent or neglected child — a public charge standard and not the fuller standard of a father's means and station in life.

Respondent admits earnings of $50 a week; the reasonable value of his services to the family-corporation-employer, and consequently his potential earning capacity, is clearly larger

(see *Anonymous* v. *Anonymous,* 22 N. Y. S. 2d 432). Accordingly, upon the entire record developed upon full hearings, this court finds that respondent has not overcome the statutory presumption that " a respondent shall, prima facie, be presumed to have sufficient means to support his  *  *  *  child  *  *  *." (N. Y. City Dom. Rel. Ct. Act, § 131.)

Order, $20 a week, beginning October 3, 1947.

In case of default a substantial bond is indicated.

This opinion is an amplification of the decision to the same effect orally rendered at the close of the October 3, 1947, hearing.