EDYTHE HOROWITZ, on Behalf of STEVEN HOROWITZ, Petitioner, *v.* IRVING HOROWITZ, Respondent.

Domestic Relations Court of the City of New York, Family Court, Kings County, October 27, 1949.

*Perelstein & Perelstein* for petitioner.

*Moses H. Hoenig* for respondent.

PANKEN, J. The parties before the court were lawfully married. This proceeding is brought on behalf of the issue, a minor, child of said marriage. No prayer or demand is made by the wife of the respondent for her support or maintenance. She seeks support for her child only.

Section 101 of the Domestic Relations Court Act of the City of New York (L. 1933, ch. 482) provides that a father is chargeable with the support of his offspring and " if possessed of sufficient means or able to earn such means, may be required to pay for their support a fair and reasonable sum according to his means ", as the court may determine. It is axiomatic that a parent is charged with the duty of fending for his children. The natural law imposes that obligation and responsibility upon him. This court has had the power conferred upon it to make orders providing for the support of children, dependent or otherwise. A father is in law required to support his child in accordance with the means he possesses. It is not at all required that it be shown that the child is, or is likely to become a public charge.

The respondent in this proceeding resists providing for his child on the ground that sometime in May of 1949 the father and mother of the child in question entered into a stipulation discontinuing a Supreme Court proceeding pending in the county of Kings, which proceeding was instituted by the mother of the child for a separation from bed and board and for alimony for herself and support and maintenance of the minor child, Steven. No judgment was entered by the Supreme Court embodying the provisions of the stipulation.

Subdivision 4 of the stipulation provides as follows: "The plaintiff waives alimony, support and maintenance of the infant issue of said marriage; she not requiring funds to support herself and the infant issue of said marriage now ". The stipulation referred to was admitted in evidence. Other provisions in the stipulation are to the effect that the parties have agreed to live separate and apart from each other; that neither party shall molest or interfere with the actions of the other except as is provided in the stipulation.

Both respondent and petitioner and their counsel properly regard the stipulation as an agreement of separation. Is a separation agreement binding upon this court? Moreover, does a separation agreement entered between parents deprive a child of the right to be supported and maintained according to the means of his father? Will a separation agreement between a father and a mother, relieving the father of the legal

and natural obligation to provide for his offspring, be a bar to the enforcement of the child's rights? I think not.

Subdivision 5 of section 137 of the Domestic Relations Court Act provides as follows: "A separation agreement shall in no way preclude the filing of a petition for the support of a child or the making of an order for its support by the family court". In enacting this provision the Legislature took account of the rights of the child and reserved to him the right to be supported by the father according to his means, as is set forth in subdivision 1 of section 101 of the act.

In *Sinno* v. *Sinno* (174 Misc. 869) I had occasion to advert to the force and effect to be given to agreements entered into between parties. I said, "An agreement entered into between parties is not a scrap of paper to be disregarded by either of the contracting parties. The court will give it the force and legal effect which any contract is to be given."

An agreement depriving a child of his rights cannot be construed to be binding upon the child. The agreement is not between the child and the parents. A child has no capacity to enter into any agreement. By agreement the law may not be set aside and the legal rights reserved to a child cannot be set aside.

Provision in an agreement for the support of a child stands in a different light. There the agreement between the parties is enforcible for the provision therein only carries out what the law requires and what natural law commands.

The respondent refers the court to the case of *Bloch* v. *Ballin* (268 App. Div. 900). The Appellate Division in reversing the finding by the Special Term of the Supreme Court said, "The facts as alleged in the complaint are not sufficient to deprive the defendant of the defenses which he has interposed."

The facts in the case before me are to the effect that both respondent and petitioner are still husband and wife. It may well be that in the *Bloch* v. *Ballin* (*supra*) the responsibility for the support of the child shifted from the shoulders of the father to those of the mother. Subdivision 2 of section 101 of the Domestic Relations Court Act provides as follows: "Where the father of a child is dead or is incapable of supporting his child or cannot be found within the state, the mother of such child is hereby declared to be chargeable with its support". The facts in the case cited are not before me. The respondent herein is financially able to provide for his child.

For the purpose of illustration assume that a mother of a child is able to give him the bare necessaries of life, maintain

him and herself in one room wherein she does her cooking, washing and sleeping, and is only able from her own means to provide the poorest of food and the poorest of clothes; and the father of the child lives in affluence and can provide for him proper habitation, good food, good clothing, medical care and education; can it be assumed that the child is to be deprived of what the law provides for him. (N. Y. City Dom. Rel. Ct. Act, § 101, subd. 1.)

The dictum in *Helman* v. *Helman* (190 Misc. 991, 994) a case in which it was held that the amount directed in a Nevada divorce decree was not conclusive in a proceeding which came before the court for adequate support of a child is not conclusive and binding upon the court. The dictum reads, " it was fixed so recently in litigation between the parties as to be strongly evidential herein and one of the material ' circumstances of the respective parties ' under subdivision 1 of section 92 of the Domestic Relations Court Act of the City of New York." And so, my distinguished colleague Justice Sicher did not deem it just to increase the amount directed in the divorce decree for the support of the child. However, in the proceeding before me there is no amount at all directed for the support of the child. I am not passing upon the application of the dictum as a matter of law in any proceeding in which the support of a child is involved (except as set forth in *Mallina v. Mallina*, 167 Misc. 343). In *Schacht* v. *Schacht* (58 N. Y. S. 2d 54) it was held that the jurisdiction of this court remains untouched insofar as a child is concerned, though a decree was issued of a court in a foreign State, which decree was binding in all respects upon father and mother. The incorporation of an agreement between the parties in a divorce decree issuing out of a court having competent jurisdiction does not affect the rights of the child insofar as such rights have been specifically reserved for his benefit by law of the State of New York.

The rights of parties flowing from the marital relationship are safeguarded not only by natural law but by statute. Section 51 of the Domestic Relations Law in part says, " a husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife." Children flow directly from the marital relationship and certainly parents cannot by agreement deprive the child of his rights, and relieve the father or mother of the liabilities imposed upon them by virtue of the relationship.

By law the primary obligation for the support of a child rests upon his father. Parenthetically it might be said that

a father is chargeable with the support of his child after the child has reached maturity — as a poor relative. Parents, like children, may resort to this court for contribution to their support and maintenance as poor relatives. The basis for that lies in that the public is not to be charged with the support of a poor person when there are close blood relatives financially able to contribute to his support. The obligation of a father for the support of a child has been fixed by statute and confirmed by determinations in the courts of our State. (*Szilagyi* v. *Szilagyi*, 170 Misc. 1009; "*Walton*" v. "*Walton*", 180 Misc. 746; *Schacht* v. *Schacht, supra, Mallina* v. *Mallina,* 167 Misc. 343, *supra.*)

The measure of the obligation of a father for the support of his child are the child's needs, in relation to the father's financial ability. That, regardless of the mother's resources and her scale of living and what she has arranged for the child.

The evidence in this case does not show that the mother is possessed of large means. The father is presumed to be able to support his child. He is of sufficient financial ability to provide adequately for the child and he has earning capacities to properly provide for the child. The order of the court is that the respondent contribute the sum of $22.50 weekly for the support of the child and that the payment of such $22.50 weekly shall be paid as of August 10, 1949, pursuant to another stipulation entered into between the counsel for the parties.