LENORE LANGERMAN, on Behalf of JOHN W. LANGERMAN and Another, Infants, Petitioner, *v.* NATHANIEL LANGERMAN, Respondent.

Domestic Relations Court of the City of New York, Family Court, New York County, October 17, 1952.

*Lester Gutterman, Joseph K. Reichbart* and *Irving Rappaport* for petitioner.

*Alfred Rathheim, Harold M. Hoffman* and *David L. Schreiber* for respondent.

Bolin, J. This proceeding is a sequel to litigation in the Second Judicial District Court of the State of Nevada, Washoe County, and the Supreme. Court, Appellate Division, First Department, and Court of Appeals, of the State of New York. It involves the nature and extent of the exclusive jurisdiction of the Family Court to order support of children after a divorce of their parents procured outside of the State of New York (see *Helman* v. *Helman,* 190 Misc. 991).

On December 16, 1948, that Nevada court granted to the mother of John Walter Langerman, born August 14, 1943, and Diane Frances Langerman, born November 6, 1945, a decree of absolute divorce from the father (respondent herein) upon his appearance by attorney, and awarded her the custody of those children and alimony and support in accordance with prior separation agreements approved and incorporated in that decree, namely, for the wife's " separate maintenance, support,

use and benefit " $125 per week and for the " separate mainte-
nance, support and education " of each child during minority
$25 per week and all medical expenses.

It is conceded that respondent has complied with the direc-
tions of that decree, and also that he has contributed to the
children voluntarily from time to time additional cash value
benefits which in 1951 approximated $2,300.

However, on the assertion that the aggregate of such decreed
payments and other contributions had been inadequate for the
children's needs and below the standard maintained for them
during the marriage and also the standard which the father is
still well able to afford by reason of his wealth and annual
income, during July, 1950, the mother as guardian ad litem
instituted in the children's behalf an action against the father
in the Supreme Court, New York County, to compel him to con-
tribute a total of at least $100 per week for the support and
maintenance of each of the minor plaintiffs. But a judgment
dismissing the complaint in that action for lack of subject-
matter jurisdiction was entered at Special Term on August 18,
1950, and such dismissal was affirmed unanimously by the New
York Court of Appeals on March 6, 1952 (*Langerman* v.
*Langerman,* 303 N. Y. 465).

The basis for the decision was that the matrimonial jurisdic-
tion of the Supreme Court of the State of New York is wholly
statutory, that such court has been clothed with power to order
support only as an incident of a matrimonial action there, and
that for the support of children of parents divorced by judg-
ment outside of the State of New York the Legislature has
conferred jurisdiction in New York City exclusively upon the
Family Court Division of this court. Thus, the unanimous
opinion states: " The only provisions for compelling future
support of a child, who is a resident of New York City, where a
nonmarital proceeding is brought for that sole purpose are
contained in the Domestic Relations Court Act of the City of
New York." (303 N. Y. 465, 472.) Moreover, that reasoning
applies equally to a proceeding in which the father respondent
resides in New York City and the children elsewhere. (See
*Adams* v. *Adams,* 272 App. Div. 29, and " *Buenos* " v.
" *Buenos,*" 189 Misc. 262; cf. " *Almandares* " v. " *Alman-
dares,*" 186 Misc. 667, and *Matter of* " *Morgan* " v. " *Morgan,*"
187 Misc. 714.)

Accordingly, on June 5, 1952, the mother filed in this Family
Court in the children's behalf a support petition under the

Domestic Relations Court Act of the City of New York (§ 29, subd. 2; § 91, subd. [1]; § 92, subds. [1]–[4]; § 101, subd. 1; § 103, subd. 1; § 111).

Because respondent resides in New York City and has appeared generally by attorney, it is unquestionable that this Family Court has jurisdiction to enter its order for the prospective support of those children upon proof of the allegation of the petition that respondent has heretofore refused and neglected to provide "fair and reasonable support according to his means and earning capacity" (*Langerman* v. *Langerman,* 303 N. Y. 465, *supra*; *Helman* v. *Helman,* 190 Misc. 991, *supra*; *Schacht* v. *Schacht,* 58 N. Y. S. 2d 54, 187 Misc. 461).

It is also unquestionable that the figure in the Nevada decree is not binding on those children but that they are entitled to support from their father in whatever amount this court may adjudge from time to time to be a "fair and reasonable sum according to his means" (N. Y. City Dom. Rel. Ct. Act, § 101, subd. 1; *Matter of Karchmer* v. *Kane,* 275 App. Div. 715; *Scrima* v. *Scrima,* 265 App. Div. 483; *Stone* v. *Stone,* 44 N. Y. S. 2d 558; *Schacht* v. *Schacht,* 58 N. Y. S. 2d 54, 187 Misc. 461, *supra; Mallina* v. *Mallina,* 167 Misc. 343). That principle in fact, is the "law of the case" in respect of the Langerman children; for the New York Court of Appeals expressly ruled that inasmuch as there is a Nevada statute permitting the Nevada divorce court to modify its original support awards, the full faith and credit clause of the Federal Constitution does not preclude New York courts from granting to the children support in an amount exceeding the original Nevada decree award and that a proceeding for that purpose may be brought in the Domestic Relations Court of the City of New York (*Langerman* v. *Langerman,* 303 N. Y. 465, 473 *supra*).

Another undisputed and controlling doctrine is that the primary duty of support of minor offspring is cast on the father, regardless of any resources of the mother, and that such duty is measured by the child's needs in relation to the father's ability to provide and station in life (see *Schacht* v. *Schacht,* 187 Misc. 461, *supra,* and cases cited; "*Zunder*" v. "*Zunder,*" 187 Misc. 557; cf. *Young* v. *Valentine,* 177 N. Y. 347, 352).

Nevertheless, respondent demands that the petition be dismissed on two asserted but untenable grounds: first, subdivision (3) of section 92 of the New York City Domestic Relations Court Act limits the maximum order this court may enter to $50 a week for both children and that amount is less than what

respondent has already been contributing; and secondly, in any event respondent has been furnishing support in a " fair and reasonable sum according to his means " and should not be required by a compulsive order of this court to perform what he is allegedly doing without such mandate.

The first of these defense pleas misconceives the purpose and effect of subdivision (3) of section 92 of the New York City Domestic Relations Court Act in the light of the history and objectives of the legislation which created the Domestic Relations Court of the City of New York and has gradually been enlarging its functions (L. 1933, ch. 482, eff. Oct. 1, 1933, as amd.).

Section 3 of that 1933 enabling statute provided that the civil court thereby established " shall succeed to all the powers and jurisdiction of the children's court of the city of New York "— which had been functioning as a separately organized court since September 15, 1924 (L. 1924, ch. 254) — " and of that part of the magistrates' court system of the city of New York known as the family court, and which shall also have the powers and jurisdiction herein provided." The tribunal created by such merger and the conferring of additional powers is a city-wide civil court, embracing all five counties, and now consists of three divisions, " Children's Court ", " Family Court ", and " School Part ".

The powers conferred on the Family Court include certain support jurisdiction concurrently with the Supreme Court; and the intended purpose of the limitation initially written into subdivision (3) of section 92 of the New York City Domestic Relations Court Act (by L. 1933, ch. 482) — namely " provided, however, that the amount that the court may require a respondent to pay for the support of the petitioner shall not exceed fifty dollars a week " — " was to divert to the Supreme Court all matrimonial litigation where the husband-father might be in a position to pay more than $50 a week, to constitute the Family Court a so-called ' poor man's court ', and to circumscribe accordingly its concurrent jurisdiction with the Supreme Court." (" Cannon " v. " Cannon," 190 Misc. 677, 684.) However, that safeguard against encroachment on the prerogatives of the Supreme Court becomes superfluous and pointless in a situation where the Family Court has exclusive jurisdiction, such as in this proceeding.

Children's Courts outside of the city of New York had been earlier created already by chapter 547 of the Laws of 1922,

as amended in its entirety by chapter 393 of the Laws of 1930. Until the enactment, however, of article III-A (L. 1942, ch. 810, eff. May 12, 1942) those up-State courts had no support jurisdiction whatever. Article III-A was patterned on the Family Court provisions of the Domestic Relations Court Act of the City of New York and for the first time conferred upon up-State Children's Courts " Jurisdiction within the county to hear and determine all proceedings to compel the support of a child, step-child; wife, if pregnant, or if the support of her minor child or step-child is involved; or minor poor relative " (Children's Court Act, § 30, subd. 1). And that is still substantially the form of the relevant provisions of the Children's Court Act (§ 30, subd. 1; § 30-a, subds. 1–4, as slightly amd. by L. 1945, ch. 849, §§ 1, 2). However, at no time was there included in the Children's Court Act, on the one hand, *any* ceiling on the amount an up-State Children's Court may order for support of a minor child nor, on the other hand, was there ever conferred upon up-State Children's Courts jurisdiction, comparable to that of the Family Court in New York City, to order support for a nonpregnant wife only.

Accordingly, in 1949 the Board of Justices of the Domestic Relations Court of the City of New York requested the Legislature to amend subdivision (3) of section 92 of the New York City Domestic Relations Court Act to conform with those broader comparable provisions of sections 30 and 30-a of the Children's Court Act of the State of New York by giving to the Family Court in New York City the same unlimited amount jurisdiction for support of children as that of the up-State Courts governed by the Children's Court Act of the State of New York. Such objective called for the future restriction of the $50 per week ceiling to nonpregnant " wife only " cases, inasmuch as the Family Court has power to order support for such a wife (N. Y. City Dom. Rel. Ct. Act, § 92, subd. [1]).

That request was granted, although by adoption of language which should be clarified and enlarged by further amendment. For some unknown reason the 1949 amendment of the $50 per week proviso limitation in subdivision (3) of section 92 of the New York City Domestic Relations Court Act took the garbled form merely of adding at the end of that subdivision the following sentence: " Such limitation shall not, however, apply to a petitioning wife who is pregnant or the mother of a child or children in her custody " (L. 1949, ch. 266). Thereby the 1949 amendment preserved the $50 limitation in Family Court pro-

ceedings in which support is asked by a nonpregnant wife for herself individually and not for any child, and, perhaps inadvertently, the language continues that limitation also in respect of a child who is not in the custody of the mother (for example, a half orphan living with a maternal grandmother who files the petition in the child's behalf). However, that 1949 amendment was intended to lift, and does lift, the limitation in all cases, like the present proceeding, where support is asked for children in the custody of their mother, regardless of whether the mother seeks support for herself personally as well as for her child or children, or whether, having been divorced from the father, she cannot turn to the Family Court for her own individual support (N. Y. City Dom. Rel. Ct. Act, § 137, subd. 1) but is restricted to petitioning for the support of the child or children in her custody.

As stated in *Langerman* v. *Langerman* (*supra,* p. 473): '' Where the petition is made by a person other than the mother of the child the court may not order support in excess of $50 per week: ' Such limitation shall not, however, apply to a petitioning wife who is pregnant or the mother of a child or children in her custody.' (N. Y. City Dom. Rel. Ct. Act, § 92, subd. [3].) ''

Section 111 of the New York City Domestic Relations Court Act reads (insofar as pertinent): '' Notwithstanding the provisions of any other law, a wife, child or poor relative may file with the court a petition that the court order the persons legally chargeable with their support to support said petitioner as required by law. Such petition shall be under oath and may be made on information and belief and may be filed on behalf of such * * * child * * * by the parent * * * of the child ''. (N. Y. City Dom. Rel. Ct. Act, § 111.)

Subdivision 2 of section 29 of the New York City Domestic Relations Court Act reads (insofar as pertinent): '' Any and all moneys paid into the support bureau of a family court division of the domestic relations court of the city of New York for the support of a wife, child or poor relative shall upon payment into such support bureau be deemed for all purposes to be the property of the wife, child or poor relative for whom such money is to be paid; except that where a petition is signed and a proceeding is instituted to obtain support for a child, a poor relative or person other than the petitioner, all money or moneys paid pursuant to order entered in such proceeding may be *collected by the petitioner* in such proceeding who shall be

accountable to the person for whose benefit the proceeding is brought for the proper use of such moneys.'' (N. Y. City Dom. Rel. Ct. Act, § 29, subd. 2; italics supplied.)

It is correct, as stressed by respondent's counsel, that in subdivision (11) of section 2 of the New York City Domestic Relations Court Act the word '' petitioner '' is defined as '' The person for whom support is asked ''. But when that subdivision is read together with the above-quoted section 111 and subdivision 2 of section 29, it is manifest that the entire purpose of all those provisions as a unit is to make a mother who has custody of one or more of her minor children the person to file a support petition in their behalf, to collect deposits thereunder, and to apply them to each child's use, so that she becomes in that sense a ''petitioning mother ''. (See *Schacht* v. *Schacht,* 58 N. Y. S. 2d 54, 61, *supra.*)

Only a narrow, technical and unrealistic interpretation, contrary to general principles of statutory construction, could lead to the conclusion that the Legislature intended that children, residing in New York City or the subject of proceedings in the Domestic Relations Court of the City of New York because of the father's residence in New York City, should be limited to an award of $50 a week, no matter how numerous the number of children of a particular father or the extent of his means, while each child elsewhere in the State might be awarded an unlimited sum.

The afore-mentioned first defense plea is therefore overruled and adjudged without merit.

The second defense plea is also overruled and held not to be sustained by the record.

The respondent earns $43,500 a year gross. He also owns over 10,000 shares of stock which have a market value of at least $17 a share and which produced gross income of $15,795.80 in 1951. In that year also respondent received $21,558 proceeds from a life insurance policy as well as a small amount from the sale or exchange of capital assets. His gross income totaled over $80,000 and his net income after payment of Federal and New York State income taxes, $46,784.28. While the proceeds from the life insurance policy constitute a nonrecurring item they must nevertheless be considered in estimating the total resources of respondent and in determining whether the amount respondent expended for his children in 1951 was a fair proportion of his net income for that year.

The respondent in addition to paying $50 a week support for the children made expenditures in 1951 approximating $2,500 for such items as clothing, medical care, summer camps, television set, toys and weekly allowances.

Respondent, who has remarried but has no other children, pays $5,900 a year rent and in addition $1,000 for the rental of a summer home. While prior to the separation of the parents the father maintained the children in a Rye, New York, house with gardens, a private swimming pool, three full-time and at least three part-time employees, the children are now living in an apartment where the girl shares a bedroom with the maid and the boy sleeps in a room with his bed next to a pipe and has access to the bathroom only through his mother's bedroom or through the room occupied by the maid and his sister. The annual rental is $1,932.

In arriving at what is a fair and reasonable amount for the children the court may not by indirection increase the mother's alimony. Yet inasmuch as the duty of support of the children is the father's primary responsibility regardless of the mother's resources, the children should not be deprived on any theory that the mother, with whom they live and who cares for them, might benefit incidentally by larger contributions from the children's money toward the rent, food and other joint and indivisible household maintenance charges.

The facts herein presented to the court differ from those in *Helman* v. *Helman* (190 Misc. 991, *supra*) cited by respondent's counsel. In that case only a few months had intervened between the Nevada decree and the presentation of a petition to this court for increased support of the children. In this case four years have intervened and the needs of the children, who now attend school, have accordingly increased.

Also distinguishable is " *Haupt* " v. " *Haupt* " (69 N. Y. S. 2d 903) since the court found there that respondent was financially unable to pay more than the $12 a week he had been voluntarily contributing.

For the foregoing reasons the court finds that the respondent is chargeable with the support of the children named in the petition according to his means and he is, therefore, ordered to pay into this court for their support the sum of $150 a week beginning October 25, 1952, and in addition to pay all medical expenses. This order is based on respondent's current income of $59,295 a year gross or from $40,000 to $41,000 a year net. It is not based on the income respondent is anticipating when

his deceased father's $2,000,000 gross estate is settled. This order is, of course, subject to modification in the light of future diminution or increase of the respondent's income and the greater needs of the children as they grow older.

Though the mother is now requesting what the court considers an unreasonable amount under present circumstances — $300 a week for the children — today's order is made substantially less in the hope it will encourage the respondent to continue voluntarily to provide the children with occasional toys or whatever gifts will satisfy him most. He feels justifiably that he would like the children to receive some contributions directly from him.

This order of course relieves respondent of making payments for the children under the Nevada divorce decree.