Samuel Rabin, J.
 

 This is an appeal from an order of the Children’s Court of the State of New York, County of Nassau, which directed the respondent to pay to the petitioner the sum of $3,515, of which $1,515 represents current and future expenses and $2,000 of which represents past expenses or obligations.
 

 The petitioner herein secured a divorce decree from the respondent in the State of Alabama on November 13, 1950. A separation agreement, dated October 16, 1950, which provided for the support of the petitioner and the children of the marriage, was ratified by the court and incorporated into the foregoing decree.
 

 On June 5, 1958, petitioner obtained a summons from the Children’s Court on a petition alleging that the respondent on or about May, 1951 and subsequent thereto, refused and neglected to provide fair and reasonable support for his dependents according to his means and earning capacity. A hearing was held on June 11, 1958. The respondent was not present in person, but appeared by his attorney. After his motion to vacate the service of the summons was denied, said attorney stated that he was willing to proceed on the merits.
 

 During the course of and at the end of the hearing the court made the following statements on the record: ■
 

 “
 
 I’ll make an order of an amount and if it isn’t paid, then you can take such steps as you want, Mr. Taylor.
 

 “ I’ll make an order for the twelve hundred the three hundred will be enough to equip them and pay their canteen and so forth.
 

 “
 
 $3,515.00 I make it. $1,200 is the amount that’s got
 
 to
 
 be paid now.
 

 “ I’ll purge his contempt on the payment of the $3,515.00.”
 

 The respondent’s attorney took exception to the foregoing and filed a notice of appeal on June 23 from the foregoing.
 

 On July 2, 1958, a written
 
 “
 
 order of support ” was entered wherein the respondent was ordered to pay to the petitioner for the support and maintenance of two infants 1 ‘ the sum of $3,515 to cover the cost of the tutor, dentist, orthodontist, clothing and
 
 *421
 
 camp charges. ’ ’ Thereupon, respondent served and filed on July 17, 1958, an amended notice of appeal from this order.
 

 The respondent paid petitioner the sum of $1,515, the amount which he was directed to pay for the current summer camp and clothing expenses for his children, and this appeal is limited to that portion of the order which allowed petitioner $2,000 for past expenses allegedly incurred by her or, as they term them on this appeal, past obligations.
 

 Petitioner moved to vacate the notice of appeal dated June 23, 1958, “ as purportedly ” amended by the amended notice of appeal, dated July 17, 1958, on the grounds,
 
 “
 
 (a) That the said Order is an interim and not a Final Order, and, therefore, is not appealable, (b) That the appeal has not been taken within the time provided for, and limited by, the applicable statutes, (c) That the purported Notice of Appeal and attempted Amendment thereof are defective, (d) That the Court has no jurisdiction to entertain the Appeal.”
 

 This court is of the opinion that none of the grounds urged above is tenable. Although the petitioner chose to designate the order of July 2, 1958, as an “ interim order,” it is in fact a final order with respect to that phase of the proceeding which finally determined that respondent should pay
 
 “
 
 past obligations” totaling $2,000, and the camp expenses of the children for 1958. There was nothing further to be done with respect to that aspect of the case except to pay or to take an appeal. Respondent paid the $1,515 for the current summer camp expenses and pressed his appeal from the determination that he was obligated to pay for past expenses totaling $2,000.
 

 It is the practice in the Children’s Court for the clerks to prepare short-form orders for the Judge’s signature as soon as his determination has been made. While this was not done in the instant case, the respondent, in reliance upon said practice, filed a notice of appeal on June 23, 1958. When the long-form written order was entered on July 2, 1958, the respondent filed what he termed an “ amended notice of appeal ” from said order. Regardless of the effect of the first notice of appeal and despite the appellation applied to the second notice, there is no question that with respect to the order entered July 2, 1958, the notice of appeal filed July 17, 1958, was timely and addressed specifically to that order.
 

 As for the merits of this appeal, the question presented is whether the Children’s Court had authority to direct payment for past obligations. While the order did not itemize the $3,515, it is clear from the record that $2,000 of that amount was for
 
 *422
 
 claimed past expenditures. The power of the Children’s Court to order support is derived from section 30-a of the Children’s Court Act of the State of New York. The court can find no provision therein empowering the reimbursement of past expenses. In fact, the whole tenor of the statute is to provide for present and future needs. (See 2 Op. St. Comp. 1946, p. 458.) Indeed, in
 
 Langerman
 
 v.
 
 Langerman
 
 (303 N. Y. 465, 472, 473) the Court of Appeals, after holding that the Supreme Court was without power to order maintenance and support for children except as an incident of a matrimonial action, stated: “ The only provisions for compelling
 
 future support
 
 of a child, who is a resident of New York City, where a nonmarital proceeding is brought for that sole purpose are contained in the Domestic Relations Court Act of the City of New York. * * * Outside of New York City, jurisdiction to order support of a child is conferred on the Children’s Courts ” (emphasis supplied).
 

 In' subsequent proceedings in the Domestic Relations Court of the City of New York in
 
 Langerman
 
 v.
 
 Langerman,
 
 the court said (203 Misc. 230, 233):
 
 “
 
 Because respondent resides in New York City and has appeared generally by attorney, it is unquestionable that this Family Court has jurisdiction to enter its order for the
 
 prospective
 
 support of those children upon proof of the allegation of the petition that respondent has heretofore refused and neglected to provide ‘ fair and reasonable support according to his means and earning capacity ’
 
 (Langerman
 
 v.
 
 Langerman,
 
 303 N. Y. 465,
 
 supra; Helman
 
 v.
 
 Helman,
 
 190 Misc. 991,
 
 supra; Schacht
 
 v.
 
 Schacht,
 
 58 N. Y. S. 2d 64, 187 Misc. 461).” (Emphasis supplied.)
 

 It follows from all the foregoing that the order dated July 2, 1958, must be modified insofar as it directed the respondent to pay $2,000 for past expenses allegedly incurred by the petitioner. This disposition makes it unnecessary to consider the other questions raised by the appellant.
 

 Proceed on notice.