Samuel Rabin, J.
Following the rendition by this court of its decision denying petitioner’s motion to dismiss respondent’s appeal and thereupon deciding such appeal on its merits (Matter of Matthews v. Matthews, 15 Misc 2d 419) the court received a letter dated October 21,1958, from the attorneys for the petitioner drawing attention to the fact that no opportunity had been afforded them to submit a brief on the merits of the appeal should their preliminary objection to dismiss it be overruled. The court thereupon considered the foregoing letter as an application for reargument and permitted the attorneys for the petitioner to file an additional brief, to which the attorney for the respondent replied.
Petitioner again urges that the order of July 2, 1958, and the ruling made on June 11, 1958, are not appealable. This contention was urged before and is again overruled as without merit for the reasons stated in this court’s decision of October 16,1958.
As for petitioner’s contention that the Children’s Court had authority to order the respondent to pay for the past expenses of his children, the only ease cited which appears to support such contention is a decision of the Children’s Court of the County of Westchester rendered on January 11, 1955 (Matter of "Fletcher", 1 Misc 2d 25). There the court stated (p. 28):
“ The petitioner testified to the cost of maintaining the children for ‘ the past year ’ as summarized in her affidavit of *444 September 28,1954. * * * Any award for the future should therefore be conditional upon the petitioner’s accomplishing her evident desire to secure proper residence for herself and her children.
“ The present needs of the children will be served by the respondent’s paying:
“ (a) One half of the rent and cost of heating the small home, commencing September 1, 1954.” (Emphasis supplied.)
It would appear from the foregoing language, as well as the tenor of the entire opinion in Matter of “Fletcher” (supra) that proceedings therein were commenced on or about September 1, 1954, and that the order made subsequently was for expenses incurred subsequent to the date of the commencement of such proceedings.
Another contention made by petitioner is that the Children’s Court had power to adjudge respondent in contempt of court, of which he could purge himself by paying the sum of $3,515. The short answer to this contention is that since that court had no power to direct the respondent to pay for past expenses, it could not adjudge him in contempt for his failure to pay them. It is true, that the respondent did not personally appear at the hearing. This court, however, can find no mandate requiring his personal appearance. He did not default. He appeared by an attorney who participated in the hearing by cross-examining the petitioner.
The court again finds no statutory or decisional authority for directing the respondent to pay for past expenses incurred by petitioner. Accordingly, the decision of this court, dated October 16, 1958, reversing the order of the Children’s Court, so far as appealed from, is again made.
Proceed on notice.