Isidore Levine, J.
Petitioner herein seeks support for her infant son, born March 5, 1960, and hence presently age 10.
On February 13, 1963, petitioner and respondent entered into a written separation agreement which was subsequently incorporated into and made part of a decree of divorce which was granted by the Second Judicial District Court, State of Nevada, County of Washoe, on March 6, 1963. Said separation agreement, by its terms, survived the said divorce decree.
Amongst other provisions, the agreement provided (par. 2 thereof) that respondent pay petitioner until the husband or wife shall die, or until the wife shall remarry following a divorce, for the support and maintenance of the wife and child various percentages of the husband’s adjusted gross income as more particularly specified therein, with the proviso, how *749 ever, that the husband shall in no event pay to the wife less than $5,000 nor more than $13,500 in any calendar year for the support of both petitioner and the child, with certain adjustments in the event the child is attending school or college where he shall board and lodge away from home, and the husband pays for the child’s tuition, board, lodging and incidental expenses as provided in paragraph 7 of said agreement.
Paragraph 5 of said agreement provides that if the wife shall remarry following a divorce, then the husband shall pay for the support of the child only varying sums of money based upon the age of the child, which for ages 6-12 (the child herein is presently 10 years old) is $2,400 per year, subject to adjustments in the event the child shall attend a school where he shall board and lodge away from home after March 5, 1972, and the husband pays for such school, college or camp, or where the child visits the husband (except for a period of less than seven days).
Paragraph 6 of said agreement requires the husband to pay all extraordinary hospital, medical, surgical and dental expenses of the child in excess of 5% of the amount paid by the husband to the wife for the support of the wife and child in any calendar year.
Thereafter and on February 3, 1967 petitioner instituted a proceeding in the Family Court, New York County, to modify the order of the Nevada court pursuant to subdivision (b) of section 461 and subdivision (c) of section 466 of the Family Court Act on the ground of alleged change of circumstances.
After trial the court directed, by order dated June 27, 1967, that the petition be dismissed on the facts and the law with respect to increased alimony for petitioner.
In addition, the court found the sum being paid by the • respondent, in the light of his then financial circumstances, was fair and reasonable and adequate to provide for the child’s needs.
But these were not divisible findings. The court in its decision and order did not find that any specific amount was adequate for the child standing alone but merely that the unallocated total sum for the petitioner and the child provided by the separation agreement was fair and reasonable for both together. There was no specific breakdown found by the court in its decision and order for such overlapping jointly consumed expenses such as rent, food, utilities, toiletries, etc., by way of percentages or dollar amount chargeable to the petitioner and. child respectively, so that on a subsequent hearing a trial judge *750 could evaluate a claim of changed circumstances on behalf of the child alone.
The court found the following unallocated payments to petitioner and the child under the separation agreement fair, reasonable and adequate, as follows:
1963 —$8,590.
1964— 6,777.
1965— 7,340.
1966— 9,197.
Thereafter and on December 2, 1968 petitioner remarried, and on April 25, 1969 she brought the within proceedings for support of the infant issue herein alone, claiming inadequate support for the child since the date of her remarriage which the respondent was paying in accordance with paragraph 5 of the separation agreement which was incorporated into the Nevada decree and survived same.
In support of her position petitioner cites subdivision (a) of section 461 of the Family Court Act, which reads in part as follows: “A separation agreement, a decree of separation, and a final decree or judgment terminating a marriage relationship does not eliminate or diminish either parent’s duty to support a child of the marriage under sections four hundred thirteen and four hundred fourteen of this article. ’ ’
Petitioner also cites Horowitz v. Horowitz (197 Misc. 260, 262) where the court stated: “ An agreement depriving a child of his rights cannot be construed to be binding upon the child. The agreement is not between the child and the parents. A child has no capacity to enter into an agreement. By agreement the law may not be set aside and the legal rights reserved to a child cannot be set aside. ’ ’
Petitioner further cites Langerman v. Langerman (203 Misc. 230), where the court held that the amount awarded in a Nevada divorce decree for support of parties’ children was not binding upon the children, and they were entitled to support from their father in whatever amount the Family Court might adjudge from time to time to be a fair and reasonable sum according to the father’s means — -even where Nevada permitted the Nevada courts to modify provisions in their divorce decrees pertaining to support of children (citing Langerman v. Langerman, 303 N. Y. 465).
Petitioner finally urges the court to order an increase in child support based upon the child’s present needs and the father’s income, which respondent concedes was as follows:
*751 1962 — $46,039.
1966— 50,678.
1968— 64,004.
Respondent counters these arguments in a twofold manner, as follows:
1. The Nevada divorce decree on March 6, 1963 and the Family Court order of June 27, 1967 denying modification are res judicata and unless petitioner can establish changed circumstances, her application for increased support of the child must fall.
2. That the case of Matter of Schwartz v. Schwartz (23 A D 2d 204) Appellate Division, First Department, is controlling on this court sitting in the First Department, as against Matter of Handel v. Handel (32 A D 2d 946) decided by the Appellate Division of the Second Department, notwithstanding the latter’s affirmance by the Court of Appeals (26 N Y 2d 853) since such affirmance by the Court of Appeals was limited by the very language thereof (“No other issue is passed upon”) to the right of petitioner to an examination before trial of respondent where the respondent failed to move for a protective order under CPLR 3122 or to show cause why his failure to so move was excusable.
In line with this position respondent contends that the Schwarts ease requires this court sitting on a First Department case, as herein, to deny any increase for the child unless it be established in the first instance (which respondent contends that petitioner has failed to do) that the needs of the child have increased since the prior order denying an increase on June 27, 1967, even if the respondent’s income has materially increased since that date, notwithstanding the decision in the Hcmdel ease in the Appellate Division, Second Department, which stated in part as follows (p. 947): “ The law is clear that a substantial increase in the financial condition of a father is an independent ground sufficient to support an increase in support for his children (Family Ct. Act, § 413; Matter of Goldberg v. Berger, 31 A D 2d 637; Matter of Swerloff v. Weintraub, 26 A D 2d 826). Since substantial increase of the means of the father may be the sole justification for increasing the children’s support, it was an abuse of the lower court’s discretion to condition examination of the father’s resources upon? a preliminary showing that the children’s needs have increased.”
This court, however, finds that the respondent’s contentions need not be passed upon since the doctrine of res judicata and *752 the need, for showing an increase in the child’s needs since the last order of June 27, 1967 are not applicable where, as here, the court is in essence being called upon to make a finding in the first instance of the child’s needs alone, as distinguished from the needs of the petitioner and child combined, which were not specifically broken down in either the Nevada divorce decree or the Family Court order of June 27,1967, both of which merely determined that the unallocated payments to the wife and child were sufficient for both combined.
Nor can it be contended that the court inferentially approved and made a finding as to the needs of the child alone in the divorce decree of 1963, perforce of its approval of the separation decree, or in the Family Court order of 1967, since the petitioner remarried on December 2, 1968 and hence prior thereto there was no need to make such a finding nor would it have been germane to the issues, as they then existed, nor could in fact such finding have been made since the contingencies which would make such finding significant, viz., the death of either petitioner or respondent, or remarriage of petitioner before the child became 21 years of age, had not yet taken place, and such computation of needs of the child could be made only at the time of the occurrence of any of such contingencies, if they would occur at all, and would then have to be based upon the child’s age and circumstances as they would then exist, and not in 1963 or 1967.
From the evidence adduced at the trial, it appears and the court finds that the child’s needs for the past year 1969-1970 are as follows on a monthly basis:
Food.................... $70 ($215 for 3, namely petitioner, her second husband and the child herein.)
Restaurant Meals......... 45 (Estimated by petitioner at $40-$50.)
Clothing................. 40
Baby Sitter .............. 100
Toys____■................ 10
Books................... 10
Laundry & Dry Cleaning.. 7
Miscellaneous............ 20
Transportation for weekends, holidays & vacations .................. 17 (Estimated by petitioner at - $200 per year.) $319 per month
*753 In addition, petitioner testified that there were additional expenditures for the child for movies, ballet, theatre, bowling, etc. which she failed to estimate for 1969-1970, but which were testified to in the 1967 hearing as being $900 per year or $75 per month, which together with the $319 heretofore set forth, make a total of $394 per month.
Based upon the conceded income of the respondent at the present time and without regard to any question of substantial change of circumstances with regard to respondent’s income, the court finds that the respondent is well able to pay for the support of the child herein the sum of $400 per month, which sum he is directed to pay petitioner directly, commencing August 1, 1970. In the exercise of the court’s discretion, no retroactivity is granted with regard to the effective date of this order.
In addition respondent is directed to comply with all other support provisions for the child contained in the separation agreement dated February 13,1963, which was incorporated into and survived the Nevada divorce decree dated March 6, 1963.
On the application of petitioner’s attorneys for counsel fee, same is allowed in the sum of $2,500 plus reimbursement of $100 expenses incurred by petitioner’s attorneys, making a total of $2,600, which sum the court finds the respondent is able to pay, as follows, directly to the attorneys for petitioner:
$1,350 on or before September 1,1970
$1,250 on or before October 1,1970
With regard to respondent’s pending motions regarding introduction in evidence of respondent’s Exhibit G- for identification, same is now granted and the exhibit is deemed marked in evidence.
With regard to respondent’s motions to strike testimony, as set forth in his posttrial memorandum, same are granted and such testimony has been stricken.