GEORGE T. KELLY, Plaintiff, v. THE CITY OF YONKERS, Respondent (In the Matter of an Execution Issued against the CITY OF YONKERS by CORN EXCHANGE NATIONAL BANK AND TRUST COMPANY, PHILADELPHIA; J. D. JOHNSON CO., INC., CATHERINE B. FITZPATRICK and FRANCIS J. DUFFY, as Judgment Creditors and as Assignees of the Plaintiff, Appellants).— Order in so far as it sets aside execution against the property of the defendant, The City of Yonkers, and vacates the levy made thereunder reversed on the law and the facts, with ten dollars costs and disbursements, and motion to vacate denied, with ten dollars costs. In our opinion, the execution was authorized under section 206 of the Second Class Cities Law. It appears from the record that these judgments were not included in the 1934 tax budget, and it furthermore appears that their payment was refused. This refusal was not justified by the claim of the city to offset its judgment against

Kelly, because the assignments of the judgments against the city were made to the appellants prior to the time that the city's judgment against Kelly became final or effective, and, therefore, the city had no equitable right of offset, and was, therefore, liable for the full amount. The execution was not defective because it did not include the name of Walter Lyon, the assignee of Catherine B. Fitzpatrick, to the extent of $400 of her share in the judgments. This assignee's right may be protected under section 649 of the Civil Practice Act. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.