THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MORRIS KIRSHNER (Correct Name MORTON KIRSHNER), Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting defendant of the crime of petit larceny, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE SMITH, Appellant.— An examination of this record shows that the judgment of conviction was unauthorized; and as the district attorney does not oppose, the judgment of the County Court of Nassau county, convicting defendant of the crime of criminally receiving stolen property, is reversed on the law, the indictment dismissed and defendant discharged from custody. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD WILLIAMS, Correct Name EDWARD D. WILLIAMS, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Richmond [County of Richmond], convicting the defendant of a violation of section 70 of the Vehicle and Traffic Law (driving while intoxicated), unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK on the Relation of ELIZABETH WAGSTAFF, Respondent, v. WESLEY MATTHEWS, Appellant.— Defendant appeals from an order of Special Term, Nassau county, which affirms an order of the Children's Court of that county, directing him to pay five dollars a week for the support of his infant child. Order unanimously affirmed. The Children's Court has the jurisdiction and power to make the order for support. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

WILLIAM SCHROEDER, an Infant, by DOROTHY CUNNINGHAM, His Guardian ad Litem, and DOROTHY CUNNINGHAM, Respondents, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— The infant plaintiff was struck by a trolley car as he was crossing a street in the borough of Brooklyn. The evidence, some of which came from disinterested witnesses on both sides, was conflicting and contradictory; but the greater weight of credible evidence in connection with the probabilities as to the manner of the happening of the accident was with the defendant. The verdict was for damages for the personal injuries to the infant plaintiff and for the medical expenses and loss of services by the other plaintiff, his mother. Judgment reversed on the facts and a new trial granted, costs to appellant to abide the event, upon the ground that the determination of the jury is against the weight of the evidence. Lazansky, P. J., Carswell and Johnston, JJ., concur; Davis and Close, JJ., dissent and vote to affirm.