ELIZABETH A. HARLESS, Petitioner, *v.* REGINALD F. HARLESS, Respondent.

Children's Court, Westchester County, June 15, 1948.

*James Dempsey* and *Charles D. Lewis* for respondent.

No appearance for petitioner.

SMYTH, J. This proceeding was commenced pursuant to article 3-A of the Children's Court Act by Elizabeth A. Harless, former wife of the respondent, to secure support for herself and her daughter, born June 5, 1932. The petitioner and respondent were married in 1922, and were residents of the State of New York. In 1938, the wife established residence in the State of Nevada, and on May 3, 1938, received a decree of divorce which is admittedly valid. Under the terms of the divorce decree, the petitioner was awarded the sum of $90 per month for the support of herself and the above-mentioned child, pursuant to the terms of a maintenance agreement which was incorporated in the decree. Two or three months after the decree was granted, she returned to Westchester County, and since that time the respondent, his former wife and the daughter have continuously resided in this county. The respondent made no payments from May 5, 1947, to October 6, 1947, on which date he paid $600 on account of accumulated arrears, leaving $125 due. On October 15, 1947, he paid $45 and on March 15, 1948, he paid $100. No other payments have been made by him, either for current support or on the arrears.

Counsel moves to dismiss the proceeding on the ground that the court has no jurisdiction to compel respondent to support his former wife, nor a child over sixteen years of age. Section 30 of the Children's Court Act of the State of New York clearly relates to support of a child, wife, if pregnant, or if the support of her minor child is involved. No authority is conferred on the court to provide for the support of a former wife unless by virtue of section 33-i. As there has been no failure on the part of the respondent to comply with a support order entered in a matrimonial action in the Supreme Court of this State, section 33-i is not applicable. The motion insofar as it relates to the support of the former wife must be granted. As to the child, section 31 of the Children's Court Act (as amd. by L. 1945, ch. 849) provides that the term "minor child" shall mean a person less than twenty-one years of age. The court therefore has jurisdiction to provide for the support of the child in question, and the motion insofar as it relates to the child must be denied.

Counsel contends, however, that as the Nevada Court, in an admittedly valid decree, made provision respecting the custody of the child and the support of the wife and child, this court is without jurisdiction to entertain this proceeding for the support of the child, even though the husband is far in arrears under the agreement and said decree. It is clear, however, that a valid decree of divorce granted by the courts of a sister State does not preclude the courts of this State from determining the custody of a child contrary to the provisions found in said decree, " if intervening and current circumstances have changed " (*Matter of Young* v. *Roe,* 265 App. Div. 858, affd. 290 N. Y. 823; *Ansorge* v. *Armour,* 267 N. Y. 492), and that the child, not being a party to the matrimonial action, was not concluded by the decree. (*Matter of Holmes,* 291 N. Y. 261; *Matter of Lindgren,* 293 N. Y. 18; *Schacht* v. *Schacht,* 58 N. Y. S. 2d 54). No reason is perceived why any other or different rule should prevail regarding provisions for the support of the minor child. Intervening and current circumstances have changed through respondent's neglect to observe the decree, thus leaving the minor without support. In fact, I have previously expressed the opinion that wherever the welfare of a child, domiciled in this State, is concerned, the courts of this State have power to direct adequate support for such child. (" *Morgan* " v. " *Morgan* ", 187 Misc. 714.) The same view has been expressed in the Domestic Relations Court of the City of New York. (*Mallina* v. *Mallina,* 167 Misc. 343.) It would be a reflection upon the administration of justice if respondent, who has flagrantly violated the agreement and decree, could successfully interpose the decree as a shield in this proceeding.

The evidence substantiates the former wife's claim as to the failure of respondent to support the child in accordance with his income and the child's needs. I shall not encumber this opinion by reciting the facts in detail. Suffice to say, that the order should be such as justice requires, having due regard to the circumstances of the parties (Children's Court Act, § 30-a), and that the respondent's means should be held to include not only his actual earnings, but his potential earning power. (*LaRocca* v. *LaRocca,* 144 Misc. 737; " *Lorenzo* " v. " *Lorenzo* ", 183 Misc. 46; *Tell* v. *Tell,* 53 N. Y. S. 2d 94; " *Jenkins* " v. " *Jenkins* ", 179 Misc. 905; *Stone* v. *Stone,* 44 N. Y. S. 2d 558.) Respondent may not elect to sacrifice present income in order to devote his time to the development of an invention which may prove valuable in the future, without

8

taking some other means to provide for the proper support of his child.

Upon consideration of all the facts and circumstances, it is my opinion that twenty dollars per week, from and after May 24, 1948, the date on which the petition was filed, would be a fair and reasonable amount for the support of the child, and an order will be entered accordingly. As a condition of making such order, I shall require the petitioner, the former wife, to stipulate that in any action or other proceeding brought by her to enforce payments under the maintenance agreement or the divorce decree for support of herself or the child, all amounts paid pursuant to the order entered upon this decision shall be credited against amounts which may become due and payable under said agreement and decree from and after said date.