LILA S. OLMSTEAD, Plaintiff, v. JOHN W. OLMSTEAD, Defendant.

Supreme Court, Westchester County, November 26, 1952.

*Harold Weiss* for plaintiff.

*William Scott, 2d,* for defendant.

ALONZO G. HINKLEY, Official Referee. The above-entitled action was by order of Hon. SAMUEL W. EAGER, Justice of the Supreme Court, duly referred to ALONZO G. HINKLEY, the undersigned Official Referee, to hear and determine.

The plaintiff sets forth in her complaint four separate causes of action.

The parties are wife and husband and the parents of two minor children.

In the early part of 1946 the parties separated. On July 12, 1946, while the parties were living separate and apart, a written agreement of separation was entered into by them. That agreement has not been challenged and must be viewed as a valid, binding agreement between two adult parties. The only provision, other than those contained in the ordinary separation agreement, is a provision that " each of the parties hereby gives and grants to the other the right to make application to the Supreme Court of the State of New York upon notice to the other for an adjudication changing or modifying said requirements, either upwardly or downwardly, as said applicant may claim changed circumstances warrant — it being intended that the parties thereby have the same right in this respect as they would have pursuant to Section 1170 of the Civil Practice Act had the amount of the husband's payments been determined or directed to be made by a decree of the Court."

There is no necessity to construe the quoted portion of the separation agreement as neither this action nor any other has been brought under the privilege stipulated in that clause.

In the first cause of action plaintiff asks judgment against the defendant in the sum of $1,710 and interest for unpaid alimony. At the outset there is a definite finding by the court that the

agreement of separation, not having been challenged for fraud or any other reason, is absolutely controlling. Plaintiff and defendant, at the time of the execution of the separation agreement, were adults living apart. Both were represented by counsel and no application has been made in accordance with the privilege of the contract above quoted. Nor can this action be construed as such an application. That being so, the agreement of separation is binding upon both parties and neither can escape the obligations set forth in the contract to be performed by the respective parties thereto. The controlling decisions are so clear and unequivocal sustaining that principle of law that it is necessary to cite only the cases of *Stoddard* v. *Stoddard* (227 N. Y. 13, 17) and *Galusha* v. *Galusha* (116 N. Y. 635; 138 N. Y. 273, 280). That principle of law was approved in *Goldman* v. *Goldman* (282 N. Y. 296) but the court in that case held that if a separation agreement was made a part of a judgment in the Supreme Court, the court acquired jurisdiction to alter or modify the separation agreement. The court also said, at page 303: " So long as the contract remains in force — not impeached or canceled in manner permitted by law — the court could not, as the court decided in the *Galusha* case, direct the defendant to pay more or the plaintiff to accept less than the parties agreed should be paid by the defendant for the support of the plaintiff."

The plaintiff did not apply to the Supreme Court for relief as provided for in the agreement. On the contrary, she applied informally to the Judge of the Children's Court of Westchester County. She complained that the defendant had reduced his payments of alimony as shown by the original agreement of separation. She also sought physical custody of one child. Thereupon the Judge of the Children's Court attempted to do what under the cases cited, not even a Supreme Court was empowered to do. In two written opinions and one written decision the Judge of the Children's Court attempted, without authority, to modify the original unchallenged agreement of separation of which he had intimate knowledge as shown by his opinion dated June 30, 1950. He attempted to change the custody of the children as provided in the agreement of separation. He attempted to change the amount of alimony provided for in the separation agreement to be paid to the wife and children; he attempted to determine what he thought the defendant should pay and the proportion of the alimony to be allocated to the wife and each child. He attempted to determine what should be done with each child based upon the actual physical current

custody of each child. Without questioning the kindly intentions of the Judge of the Children's Court nor the question of his determinations, the fact remains that without jurisdiction or authority he attempted to alter the terms of an unchallenged agreement of separation, and all of his acts are void.

The Legislature has given to the Children's Court very broad and drastic powers primarily to accord to destitute and abandoned children immediate relief. However, there was no emergency in this instance. The children were not neglected, destitute or abandoned. The plaintiff had reserved in the agreement of separation a right to the recourse in Supreme Court which she sought in the Children's Court. Had the Judge of the Children's Court acted as a friendly, kindly intermediary and not in his official capacity, and had the parties voluntarily agreed to his suggestions, neither could complain. On the contrary, he attempted to act in his judicial capacity, and the Judge and not the parties attempted to modify the original valid agreement of separation of which the Judge had intimate knowledge as shown by his written opinion. The fact that the Judge attempted to act in his judicial capacity is shown by the fact that after writing two careful opinions, he labeled his last writing a decision, captioned it Children's Court, County of Westchester, and headed it " In the Matter of John W. Olmstead, Respondent," followed by his surname and the letter " J ".

It cannot be said that the parties, by their agreeing in some instances with the dicta of the Judge of the Children's Court and obeying such orders, modified the terms of the original agreement. Nor can it be said that the plaintiff, by applying informally for relief to the Children's Court, sacrificed her rights under the separation agreement. Nor can it be said that the defendant, even though an attorney, has lost any of his rights under the separation agreement, for the defendant, as a lawyer, knew that the Judge of Children's Court had the power to arrest and imprison for a refusal to obey his mandates. That the Judge of Children's Court has the power to arrest, fine and punish is definitely granted in a proper case by the Children's Court Act itself and particularly paragraph (c) of subdivision 2 and subdivision 6 of section 6, section 30, and subdivisions 11 and 20 of section 30-a.

Plaintiff's counsel, in the complaint in the first cause of action and in some portions of his brief, maintains that the acts of the Judge of the Children's Court were void and that the first

cause of action is based on the claim of the plaintiff for back alimony under the original agreement of separation. Unfortunately the action was not tried upon that theory. By the statements of both counsel at the opening of the trial, by the transcript of the testimony taken and the briefs of counsel, it is apparent that each sought to take advantage of the determinations of the Children's Court Judge as inured to the benefit of his respective client. Although the plaintiff was the first to seek relief from the Children's Court, the testimony indicates that both parties applied to the Judge of that court for relief.

The plaintiff asks a determination of a default in the amount of alimony provided in the agreement of separation, but also asks that the amount of such default be measured by the acts of the Judge of the Children's Court. The latter request cannot be complied with, as above indicated, and the testimony upon the trial is not sufficiently clear or definite to determine the amount of unpaid alimony based upon the original agreement. The plaintiff having failed to meet the burden of establishing the first cause of action, that cause of action must be dismissed.

The second cause of action has been abandoned.

The third cause of action could only be sustained upon the theory that the acts of the Children's Court Judge were legal and authorized in law, and that cause of action must be dismissed.

The fourth cause of action was not established. There is nothing to sustain plaintiff's statement that at the time of the sale of the house she paid $725. Surely a closing statement would show that fact if it existed. There is no check to show that original payment, and the absence of any such item in the carefully prepared closing statement refutes plaintiff's claim. The court is not convinced on the evidence that any such payment was made. Therefore, the fourth cause of action must be dismissed.

The counterclaim of the defendant must be dismissed in the light of this decision.

Judgment may be entered dismissing without costs the complaint of the plaintiff for lack of proper proof, with the privilege to the plaintiff to institute and prosecute a new action if so advised.

Judgment may also be entered dismissing defendant's counterclaim, without costs.