In the Matter of Manuel S. Pinto.

Children's Court, Westchester County, December 16, 1952.

*Waxstein & Gelbman* for Lourinda Pinto, petitioner.

*Charles J. Wallace* for Manuel Pinto, respondent.

Smyth, J. This is a proceeding brought by a mother to secure from her husband support for their child in a sum exceeding the amount granted by an Alabama court, in conformity with a separation agreement incorporated in a decree of divorce.

The respondent in opposing this application relies on an opinion rendered by the Hon. Alonzo G. Hinkley, Official Referee, in *Olmstead* v. *Olmstead* (203 Misc. 239). In that case, the mother sued in the Supreme Court to recover arrears under a separation and maintenance agreement. Apparently the husband defended on the ground that in a separate support proceeding brought in this court, an award had been made in a sum less than that specified in said agreement. The Referee held that this court was without power to modify the agreement, and that, therefore, an award by this court at variance with the terms of the said agreement was without authority and void. As a similar issue is now before me in the instant case, it becomes necessary to consider how far the Referee's opinion is binding on this court. Having done so, I conclude that the said decision is in conflict with the leading case on the subject, in the Court of Appeals, and feel constrained to follow the latter's decision.

In *Langerman* v. *Langerman* (303 N. Y. 465) the Court of Appeals ruled unequivocally on the points at issue. It was there held that the Supreme Court has no power to entertain a suit brought by a mother for the sole purpose of securing support for her children; but that the Children's Courts of the State of New York and the Domestic Relations Court of the City of New York *alone* have such power by virtue of the legislative acts from which they derive their authority; and that the provisions of a separation agreement and decree of a sister State incorporating same may be varied by those courts, which are authorized to make awards for the support of wives and minor children, in such amounts " as justice requires having due regard to the circumstances of the respective parties " " irrespective of whether either is likely to become a public charge." (Children's Court Act, § 30-a, subd. 1.) This, of course, does not involve a reformation of the separation agreement, an equitable power which this court does not possess. It simply means that in the interests of children the courts are not bound by agreements entered into between parents where the welfare of the children requires that they be disregarded. (*Van Dyke* v. *Van Dyke,* 278 App. Div. 446; Children's Court Act, § 33-i.)

This court had previously held to the same effect in *Matter of " Morgan "* v. *" Morgan "* (187 Misc. 714) and *Harless* v. *Harless* (192 Misc. 5).

Following the decision of the Court of Appeals in the *Langerman* case, a proceeding was brought in the Court of Domestic Relations of the City of New York, in accordance with the procedure outlined in the opinion. Justice BOLIN rendered a decision in keeping with the principles there laid down, and in keeping with *Matter of " Morgan "* v. *" Morgan "* and *Harless* v. *Harless (supra),* affirming the power of the Court of Domestic Relations of the City of New York and the Children's Courts of the State of New York in regard thereto. No change of circumstances had occurred since the making of the agreement or decree. The court found that neither the agreement nor the decree provided adequate support for the children, and proceeded to grant support far in excess of the amount specified in such agreement and decree, in accordance with the practice of those courts, now sanctioned by the Court of Appeals. (*Langerman* v. *Langerman,* 203 Misc. 230.)

It follows, therefore, that the respondent's contention that this court is without power to proceed or to vary the separation agreement incorporated in the Alabama decree, must be overruled.

While the question of the custody of the child is not here involved, it may be well, in view of the opinion in the *Olmstead* case, to observe in passing that in these nonsupport cases this court has power to determine the custody of children and to make other far-reaching orders concerning the relationship of the parents and children. (See Children's Court Act, § 30.) In the *Olmstead* case, the parents themselves were not complying with the terms of their agreement, either as to support or custody and it became necessary for this court to invoke its broad powers in furtherance of the welfare of the children. This was done in an official proceeding and not unofficial, as is indicated at one point in the opinion.

Turning to a consideration of the facts in the case, I find that there was a separation agreement entered into providing $8 per week for the support of the child. The evidence satisfies me that this amount is entirely inadequate for her support and maintenance, the responsibility for which devolves upon her father, as pointed out in the opinion of Judge Bolin and many others which preceded it. He was employed by a large corporation and his compensation was $90 to $95 a week. He claims that he was laid off of that job because of having to attend court in this proceeding. I find, however, that he voluntarily relinquished the job and was finally laid off because of his absence. It appears to me he took the position that he would not pay more than $8 per week, having understood from counsel at the time the separation agreement was executed that if he consented to a divorce incorporating this provision for support, he could not thereafter be required to pay more. The amount provided for the child was increased by this court to the sum of $12 per week during one of the early hearings in this case. Later, the present attorney for the respondent was retained, and further hearings were held at which the court was urged to modify the said order.

On consideration of all the facts and circumstances, it is my opinion that the sum of $12 a week is a very moderate amount for the support of this child, and I shall allow the award in that amount heretofore made to stand.