ELEANOR L. FLETCHER, Respondent, v. JAMES H. VAN ALEN, Appellant.—
Action to recover moneys claimed to be due in pursuance of the exercise of a power granted to plaintiff in a separation agreement with respect to the support of children of the parties. The separation agreement was incorporated in a judgment divorcing the parties. Defendant appeals from an order, insofar as it grants plaintiff's motion for summary judgment, and from the judgment entered thereon. Order, insofar as appealed from, and judgment unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

■

In the Matter of LINDA BEDDINI, Appellant, against ADRIAN BEDDINI, Respondent.— In the Children's Court of Westchester County, respondent was directed to pay $40 a week for the support of his wife and three infant children, and was granted the right of visitation. Subsequently, payment under the order was suspended pending petitioner's compliance with the respondent's right of visitation. Petitioner appeals from the order which suspended the payments. Order unanimously affirmed, without costs. The court had power to make the order. (Children's Court Act, §§ 30, 30-a, subds. 1, 6, cl. [b]; subd. 14.) Appeal from decision and order of May 8, 1952, dismissed. The decision is not appealable. There is no such order in the record. Present — Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

■

In the Matter of the Accounting of LOLA A. DENNIS et al., as Executors of JOHN B. DENNIS, Deceased, Respondents. LILLA A. DENNIS et al., Infants, by LEONARD W. HALL, Their Special Guardian, Appellants-Respondents; LOLA A. DENNIS, Individually, Respondent-Appellant.— In a proceeding to settle the account of proceedings of executors, decree of the Surrogate's Court, Nassau County, modified on the law and the facts by striking therefrom the provision that the will does not direct payment of taxes on nontestamentary property and the provision that the beneficiary of the life insurance policies pay a proportionate share of the interest on a Federal estate tax deficiency payment. As thus modified the decree, insofar as appeal is taken, is unanimously affirmed, with costs to all parties filing briefs, payable out of the estate, and the matter is remitted to the Surrogate's Court to enter a decree not inconsistent herewith. Paragraph "Fifth" of the will directs payment out of the residuary estate of taxes on nontestamentary benefits; and the interest on the Federal deficiency tax payment should be treated similarly. Paragraph "Fifth" of the will reads as follows: "I direct my Executors to pay out of my residuary estate all transfer, estate, death or inheritance taxes which may be lawfully imposed upon any of the legacies or trusts herein bequeathed or created, or upon any transfer in connection therewith, or upon my estate." The decree correctly holds that the bank account became the property of the surviving depositor. Present — Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.