In the Matter of THERESA BOBINSKI, Respondent, against KONRAD BOBINSKI, Appellant.— In a support proceeding instituted by respondent in the Children's Court, County of Suffolk, appellant was directed to pay $65 a week for the support of five minor children and was granted the right of visitation. Thereafter, the respondent went to Florida with the children and obtained a divorce decree without the appearance of the appellant in the action. The record does not indicate that the Florida decree contained any provision for alimony. Respondent refused to allow appellant the right of visitation as provided for in the support order of the Children's Court and as provided for in a separation agreement executed prior to the commencement of the proceeding herein. She refused to permit the children to come north for a visit during vacation periods. Because of her conduct in reference to visitation, the Children's Court entered an amended order on March 15, 1954, fixing the amount of support at $25 a week. Upon the respondent's appeal to the Supreme Court, Suffolk County, the amended support order was vacated. This appeal is from the order of the Children's Court, making the order of the Supreme Court the order of the Children's Court, and vacating the amended order of support. We treat the appeal as from the order of the Supreme Court (Civ. Prac. Act, §§ 105, 562, 623). Order of the Supreme Court, dated September 27, 1954, which was made the order of the Children's Court, reversed, without costs, and the amended support order of the Children's Court, dated March 15, 1954, reinstated. Power to modify support orders is conferred on the Children's Court (Children's Court Act, § 30-a, subd. 14). The Children's Court did not make retroactive the amended order of support. The record does not indicate what respondent's own resources are, and no showing was made by her that the reduction would work any hardship to the children. (Cf. "Almandares" v. "Almandares",

186 Misc. 667, 674.) The Children's Court could modify its own order as to amount made when the visitation was possible by the father within this State. Now, under the Florida decree, he must go to Florida to see the children. (Cf. *Matter of Beddini* v. *Beddini*, 281 App. Div. 701, and *Matter of Schwartz*, 279 App. Div. 1090.) The Florida decree did not abridge the power of the Children's Court to modify as to amount the support awarded by the prior order. Nolan, P. J., Wenzell, MacCrate, Beldock and Murphy, JJ., concur. [See *post*, p. 902.]