L. Barron Hill, J.
This is an appeal from an order of the Children’s Court, Nassau County, dated December 8, 1955, directing appellant to support the two children of the parties, aged 8 and 10 years respectively, now living with respondent, formerly the wife of appellant.
The facts, with few unimportant exceptions, are not in dispute. On May 4,1955 the parties, then husband and wife, living apart, entered into a separation agreement. One of the provisions thereof required that the father pay $150 monthly for the support of the two children, nothing for the support of the wife. Thereafter, and on May 9, 1955, a judgment of absolute divorce was entered in the Circuit Court, Tenth Judicial District, State of Alabama, wherein the wife in this proceeding was the complainant, the husband the respondent. The separation agreement, dated May 4, 1955, was made a part of the Alabama judgment. Petitioner, thereafter, returned to Nassau County, New York, where she again took up residence with the two children and on November 11, 1955 brought on this proceeding by information.
*850 After the trial of the issues by the Children’s Court Judge, an order was entered in the Children’s Court requiring the appellant to pay $300 per month for the support of the two children.
Appellant bases his appeal on two points. First, that the Children’s Court lacked jurisdiction to make the order appealed from in the absence of a showing that the children were delinquent, neglected or likely to become a public charge. Such has not been shown in this case. Second, that $3,600 per year out of an annual income of $9,000 gross per year (appellant’s income) is excessive and unreasonable.
There can be no question as to jurisdiction of the Children’s Court. The Children’s Court of the State of New York possesses jurisdiction to order support of an infant by virtue of its creating act.
“ § 6. Jurisdiction. * * * 2. Adults, (a) Whenever the welfare of a child under the jurisdiction of the court is involved, the children’s court in each county shall have within such county exclusive original jurisdiction, subject to the jurisdiction of a court of record in a civil action or proceeding, to inquire into, hear and determine the liability of any person who abuses, neglects or wilfully fails to provide for the proper maintenance of his wife or child ’’.
This power of the Children’s Court is independent of that of the Supreme Court in matrimonial matters and has been broadly exercised.
“ § 33-i. Divorces; separations; annulments. Where a divorce, separation or annulment has been granted by the supreme court or a suit for such relief is pending and the respondent has been required under the terms of any order or decree entered in such separation, divorce or annulment proceeding to pay a specified sum to the dependent as alimony or maintenance and has failed to do so, that fact shall not be a bar to a proceeding in this court to compel support within the limits of the order of the supreme court and as set forth by section thirty-a of this article, provided that the respondent is not in jail for failure to obey the order of the supreme court. An action for divorce, separation or annulment pending in the supreme court shall not prevent this court from entering a petition for support if it is shown to the satisfaction of this court that the dependent is likely to become a public charge. After final adjudication by the supreme court denying alimony in a separation action, if in the opinion of this court the circumstances of the parties have changed or if it is shown to the satisfaction of this court that the dependent is likely to become *851 a public charge, this court may entertain a petition for support. A separation agreement shall in no way preclude the filing of a petition for the support of a minor or the making of an order for its support by this court.” (As amd. by L. 1945, ch. 849, § 7, eff. April 18, 1945.) (Harless v. Harless, 192 Misc. 5; Langerman v. Langerman, 303 N. Y. 465; “Maxim” v. “ Maxim ”, 203 Misc. 610; Matter of Pinto, 203 Misc. 244; Geiger v. Geiger, 140 N. Y. S. 2d 228.)
In Langerman v. Langerman {supra), the Court of Appeals held that the Supreme Court had no inherent jurisdiction to compel support of children. Jurisdiction of the court in matrimonial actions is a creation of statute. The court requires jurisdiction to compel support as an incident to matrimonial actions. The court decided that the Domestic Relations Court had sole jurisdiction of an action brought for support of children. In Nassau County this by implication would be the Children’s Court.
“ § 30-a. Powers. In the exercise of its jurisdiction the court shall have power: 1. To order support of a wife and child irrespective of whether either is likely to become a public charge, as justice requires having due regard to the circumstances of the respective parties.” (Children’s Court Act, § 30-a. Emphasis mine.)
The obligation of a father to support his children has been enforced since time immemorial. On April 10, 1922 the Children’s Court Act became law in New York. Subdivision 1 of section 31 of that act (added by L. 1942, ch. 810) declared a husband chargeable with the support of his children; the mother is not chargeable with support in the absence of proof that the father is dead or incapable of supporting his children or cannot be found within the State. The Children’s Court, however, has no jurisdiction to amend support provisions of a local or foreign divorce decree.
Amendment of support provisions of a local divorce decree is a customary power in State courts, by statute (e.g., Civ. Prac. Act, §§ 1155, 1170). Amendment of foreign decrees, by a local court, is permissible within the limits of the full faith and credit clause, if courts of the State of origin possess power to amend their own decree. (Magnolia Petroleum Co. v. Hunt, 320 U. S. 430; Halvey v. Halvey, 330 U. S. 610.)
In Snyder v. Snyder (72 N. Y. S. 2d 881, 882), Special Term held in an action to modify a foreign support decree that the decree was not modifiable in the granting State, but affirmed the Supreme Court’s power to modify:
*852 ‘‘ A judgment of divorce in this state embodying a separation agreement may be modified as to the terms of support. Goldman v. Goldman, 282 N. Y. 296, 26 N. E. 2d 265; Civil Practice Act, §§ 1155, 1170. The question presented is whether this court, having jurisdiction of the parties, may so modify a decree of a sister state. * * *
‘‘ It has been held that provisions in a foreign decree relating to custody of children may be changed by the court having jurisdiction of the infants, and that such modification does not violate the full faith and credit clause of the Constitution, Art. 4, § 1 (Halvey v. Halvey, 330 U. S. 610, 67 S. Ct. 903), provided, however, that the court entering the decree has the power to modify it.
“ The interest of the state in the welfare of children extends to their support, as well as to their custody. We must, therefore, determine whether under the Nevada law this decree could be modified as to support. In Sweeney v. Sweeney, 42 Nev. 431, 179 P. 638, the court held that provisions in a decree of divorce for the support of children may not be amended in the absence of statutory authority or specific reservation of that power in the decree itself. See, also, State ex rel. Groves v. First Judicial District Court of Ormsby County, 61 Nev. 269, 125, P. 2d 723, 726.
“ I have been unable to find any statutory authority in Nevada similar to Civil Practice Act sections 1155 and 1170, and the copy of the decree submitted on this motion does not contain any reservation to amend its provisions at some future time. The first cause of action must, therefore, be dismissed.
“ The second cause of action is based on allegations by the guardian ad litem of insufficient support furnished by defendant to his children. Except for questions of support as incidental to a matrimonial action, relief must be obtained in this state in the Domestic Relations Court. The second cause of action is, therefore, dismissed.”
(Also, see Matter of Jones, 105 N. Y. S. 2d 700; La Rocca v. La Rocca, 144 Misc. 737; People ex rel. Wagstaff v. Matthews, 168 Misc. 188, affd. 255 App. Div. 866.)
The Supreme Court of New York has the power to compel the appellant to support respondent by amending the Alabama decree, in a specification brought praying an amendment of the Alabama judgment, since the courts of Alabama have the power to amend their own divorce decrees. (Garlington v. Garlington, 246 Ala. 665; Epps v. Epps, 218 Ala. 667; Aiken v. Aiken, 221 Ala. 67.)
*853 In the case at bar the Children’s Court Judge permitted the respondent, over appellant’s objection, to offer testimony of reduced income. Although the Judge stated that the court had no jurisdiction to compel support of a former wife by a former husband he must have been influenced by that testimony in order to find that two children, under 10 years of age, require approximately one half of the net income of their father for their support. I am therefore constrained to find that the order appealed from is unreasonable and arbitrary. The judgment of the Alabama court affirming the agreement of the parties is more nearly equitable than the order appealed from.
It follows that the finding of the Children’s Court is reversed and the order vacated.