■ In the Matter of AUDREY LEWIS, Appellant, against EDWARD LEWIS, Respondent.— In a proceeding instituted in the Children's Court of Nassau County by appellant, the mother of two infant children, against respondent, their father, to obtain fair and reasonable support for the children, an order was entered directing the father to pay $300 monthly to the mother for support of the children and to pay all reasonable and necessary medical, surgical and hospital expenses incurred in behalf of the children in excess of $100 a year. The father appealed to the Supreme Court, Nassau County, which reversed the findings and order and vacated the order. The instant appeal is by the mother from the order of reversal, and she seeks to bring up for review 'an order of the Supreme Court, entered the same date as the order of reversal, denying her motion to dismiss the appeal from the order of the Children's Court and to vacate the notice of argument on the ground that the father had not served and settled the case on appeal. Orders unanimously affirmed, without costs. On May 2, 1955 the parties, represented by counsel, entered into a separation agreement which provided in part that the mother waived all claims

for her support and maintenance, that the father would pay $150 monthly for the support of the two infant children and all medical, surgical and hospital expenses incurred in behalf of the children in excess of $100 yearly. The father was given visitation rights and custody on week ends and during his vacation, not to exceed one month. On May 9, 1955 a decree was entered in an Alabama court which granted the mother a divorce and incorporated an agreement between the parties dated May 9, 1955. That agreement provided that no alimony would be payable to the mother and contained provisions similar to those contained in the separation agreement of May 2, 1955 relating to the support of the children. The father complied with the terms of the decree and voluntarily made gifts to the children and spent money for their welfare. On October 11, 1955 the mother filed the petition in the Children's Court heretofore mentioned. The Children's Court has power to order a father to furnish support for his children in excess of the amounts provided for in a foreign divorce decree which incorporated a separation agreement, without proof that the children are delinquent, neglected, abandoned or likely to become public charges, if the State in which the divorce decree was entered permits its courts to modify their divorce decrees insofar as they deal with the support of infant children. The full faith and credit clause of the Federal Constitution does not preclude such a petition for additional support in the Children's Court (N. Y. Const., art. VI, § 18; Children's Court Act, §§ 6, 30, 30-a, subd. 1; *Langerman* v. *Langerman,* 303 N. Y. 465; *Matter of Karchmer* v. *Kane,* 275 App. Div. 715; *Matter of Robertson,* 242 App. Div. 798; see, e.g., *Halvey* v. *Halvey,* 330 U. S. 610; *People ex rel. Wagstaff* v. *Matthews,* 168 Misc. 188, affd. 255 App. Div. 866; *La Rocca* v. *La Rocca,* 144 Misc. 737). The courts of Alabama have power to modify their divorce decrees, insofar as they provide for permanent alimony payable in monthly installments, because of changed conditions of the parties regardless of whether powers of modification were reserved in the decrees (*Aiken* v. *Aiken,* 221 Ala. 67; *Garlington* v. *Garlington,* 246 Ala. 665) but those courts will not modify decrees fixing alimony in accordance with the agreement of the parties except for clearly sufficient reasons, and applications therefor will be subjected to thorough investigation (*Tidmore* v. *Tidmore,* 248 Ala. 150). While the Children's Court could not direct the father to provide support for his divorced wife, the children should not be deprived of support solely on the theory that their mother, with whom they live and who cares for them, might benefit incidentally by larger contributions from the children's money towards the joint and indivisible household maintenance charges (see, e.g., *Langerman* v. *Langerman,* 203 Misc. 230). The court could properly consider the needs and circumstances of the mother insofar as they affected the welfare and support of the children (Children's Court Act, § 30-a, subd. 1; *Matter of Karchmer* v. *Kane, supra*; *Matter of Bobinski* v. *Bobinski,* 285 App. Div. 836). There was no evidence as to the value of the real property owned by the mother. There was no proof that the children were delinquent, neglected, abandoned or likely to become public charges. There was no showing of change in the conditions of the parties between the entry of the divorce decree and the hearing in the Children's Court that would have authorized the Alabama court to modify its decree on the ground of changed conditions (see, e.g., *Helman* v. *Helman,* 190 Misc. 991; cf. *Langerman* v. *Langerman, supra,* p. 238). Assuming, *arguendo,* that the Children's Court, in the interest and welfare of the children and without proof that they were delinquent, neglected, abandoned or likely to become public charges and without proof that there had been a change in circumstances since the entry of the foreign decree, had power to order the father to pay for the support of the children in excess of the amounts provided for in the divorce decree, nonetheless the amounts provided for in the decree were not

so small in comparison with the father's income and reasonable needs and expenses and the mother's circumstances as to render it inequitable to permit the father to rely upon the terms of the divorce decree (see *Matter of Bobinski* v. *Bobinski, supra*). We do not determine whether the Children's Court would have power and jurisdiction to order a father to pay for the support of his children in excess of the amounts provided for in a foreign divorce decree, without proof that there had been a change in circumstances, if proof is submitted that the children are delinquent, neglected, abandoned or likely to become public charges (but see *Yarborough* v. *Yarborough,* 290 U. S. 202). The Children's Court Act provides that, in the hearing of cases, the general public shall be excluded. The court shall devise necessary forms. All records may be withheld from indiscriminate public inspection, in the discretion of the judge (Children's Court Act, § 45). An appeal from a final order requiring payment for support shall be taken to the Supreme Court and may be heard by a justice at chambers or at Special Term, and a printed case on appeal or a printed brief shall not be required (Children's Court Act, § 43). The appeal in the Supreme Court was heard on the stenographic minutes, the exhibits and the court papers. Neither side gave notice of settlement before the Children's Court Judge (see Civ. Prac. Act, §§ 575, 626; Rules Civ. Prac., rules 230, 231, 232). The mother makes no claim that the stenographic minutes were inaccurate or that the papers, exhibits and minutes which were subpœnaed to the Supreme Court were not complete, but now contends that "there was no record settled on that appeal." Under the circumstances shown herein, this court is not required to reverse the orders of the Supreme Court on the ground that the "record" on appeal in the Supreme Court was not settled (Civ. Prac. Act, §§ 105, 109; Rules Civ. Prac., rule 231; Children's Court Act, §§ 43, 45). We do not pass upon the question of whether the statutes and Rules of Civil Practice provide for the making and settling of a case on appeal from an order of a Children's Court awarding support. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.