Joseph A. Gavagan, J.
Petitioner moves to confirm and the respondent cross-moves to vacate the award. The parties engaged in a separation agreement and thereafter the petitioner husband secured an out-of-State decree of divorce. The separation agreement was incorporated in the decree but is not merged therein. Arbitration under the agreement was demanded by the wife. There are three children. The wife had commenced a proceeding in the Domestic Relations Court and a basic question before the arbitrators was the question whether the wife did thereby abandon or breach the separation agreement. The arbitrators have found that “ The wife abandoned and breached the separation agreement by the commencement of the Domestic Relations Court proceedings ” and the effect thereof is that nothing will be due to the wife under the agreement for any period on and after April 1, 1958.
It must be deemed that by the provisions of the agreement an allocation was made with respect to the wife and the children. While in the enforcement of the agreement to the extent it measured the husband’s obligation to both, the mother is a proper party, nevertheless, in acting in behalf of the infants she is not restricted to the agreement. Nor is the obligation of the husband immune to adjudication in the Domestic Relations Court.
*296 In Langerman v. Langerman (203 Misc. 230) it was held that the Family Court has jurisdiction to make an order for the prospective support of children upon proof of neglect of the father to provide a fair and reasonable sum according to his means. Indeed, the Family Court has exclusive jurisdiction to change the amount provided for the children in a foreign divorce decree and in such circumstance the limitation contained in the New York City Domestic Relations Court Act (§ 92, subd. [3]) is inapplicable. In the event the Family Court fixes the support for the children in a sum in excess of that fixed in the decree the father is relieved of the obligation to make the payments pursuant to the decree. In the same manner the father would be relieved from the obligation to make payments pursuant to an agreement, but in both cases the obligation remains either in the decree, the agreement, or the order of the Family Court, as the case may be, despite the resort by the wife to that court. The primary duty of support of the child is east on the father to he measured by the child’s needs in relation to the father’s ability and irrespective of any decree or agreement and irrespective of the fact that the sum allowed by the Family Court may indirectly redound to the benefit of the mother. Indeed, the Domestic Relations Court and the Children’s Court may provide for increased support for the wife and the children despite the provisions contained in any foreign decree of divorce and any separation agreement incorporated therein (Matter of Pinto, 203 Misc. 244).
For aught that appears here the application made by the mother in the Domestic Relations Court was for the benefit of the children only. No question of abandonment arises in relation to the rights of the mother under the separation agreement and decree and the obligation of the father toward the children pursuant to the decree and separation must be determined in relation to the action taken in the Domestic Relations Court.
The motions are granted to the extent of remanding the matter to the arbitrators for further action and explicit award in conformity herewith.