In the Matter of JANE CRUZ, on Behalf of KENT and Another, Petitioner, *v.* MILFORD CRUZ, Respondent.*

Family Court, New York County, November 14, 1966.

* Names used are fictitious for the purposes of publication.

*Pressman & Scribner* (*David Scribner* of counsel), for petitioner. *David S. Coleman* for respondent.

RICHARDS W. HANNAH, J. Petitioner seeks support for the two children of the marriage. The wife obtained a divorce on November 12, 1964 in Mexico. There is no separate agreement or provision for the children's support in the decree of divorce.

The marriage occurred in 1957. The husband was a lithographer; the wife an attorney. The husband wished to continue his education, so he could become a teacher. He attended the College of the City of New York at night for seven years.

After a discussion between the parties in February, 1964, the petitioner agreed to return to work full time so respondent could devote his full time to college and thusly obtain his degree in a shorter time. During this period the respondent agreed to work in his trade during vacations. In November, 1964 the divorce took place. The record does not reveal the cause. In August, 1965 respondent received his Bachelor's degree. Here the dispute occurs; the petitioner claiming that she did not consent or encourage him to seek a Master's degree when she agreed to return to work in 1964 and support the family, while respondent claims that she did. In any event he has completed one year towards his Master's and in May, 1967 will receive it. Now he is working three days a week for the County of Monmouth, New Jersey, as a social worker and receiving $350 gross monthly, but $315 net, and going to school two days a week. The county pays his tuition. This work is required by Rutgers and is part of the course. It appears that Rutgers will not accept students for this degree upon a part-time basis or at night.

Petitioner's position is that respondent should continue his trade in which he earned $150 a week to support his children. Respondent claims that he undertook his new profession because of alleged physical disabilities, and because he had to work at

many different places and that he can support his children better after he has obtained his Master's degree.

The evidence conclusively showed that respondent undertook his new full-time study in 1964 with the assistance, consent and even encouragement of his former wife. There is no evidence as to the cause of the divorce which followed in November. I accept respondent's version of the testimony that petitioner agreed in 1964 that he was to obtain the Master's degree, since he claimed that the first time the petitioner ever asked him for support was by letter dated March, 1966. Since May, 1966 respondent has been paying $50 weekly as temporarily ordered by this court.

The petitioner has testified to expenses which total about $823 monthly excluding $210 a month for the child Kent and $30 a month for the child James. Unfortunately Kent is a brain-damaged child who needs special teaching and the $210 represents the tuition in a private school. Presently, an application is pending for State aid for Kent, which may cover this expense. The fee of $30 monthly is for nursery school for James. The petitioner earns $10,000 a year as an attorney.

The respondent earns $315 net monthly at present while he goes to school and the county pays his tuition. Upon his graduation he will earn $6,500 or better. In 1963 the last year he worked, he earned about $8,300 as a lithographer. He worked at his trade during June and July, 1966 until he secured his present position. Respondent's present expenses total $298 monthly and he has borrowed about $4,100 to finance his expenses which he must repay after he has obtained his degree.

The father of a child is chargeable with the support of his child and, if possessed of sufficient means or able to earn such means, may be required to pay for his support a fair and reasonable sum according to his means (Family Ct. Act, § 413). This is his primary obligation and the amount rests upon this father's present pecuniary ability, honestly exercised, or his pecuniary resources and regardless of the mother's resources or earnings. Therefore, respondent is under a duty to support his children; a duty which he cannot delegate or assign to his wife or another. (*Matter of Smith* v. *Jones*, 43 Misc 2d 350.)

The issue here is whether under the facts of this case the father abandon the course he is taking to improve his status which is temporarily detrimental to his children.

In deciding this issue the court accepts the respondent's testimony that the first complaint from the former wife came in March, 1966, long after he had started the course for the

Master's degree and long after the divorce. It is also hard for the court to comprehend how petitioner, an attorney, would not protect her children's rights of support prior to the divorce **and not have waited until the course was almost completed. All** of which leads the court to believe that she was willing to assist the respondent even after the divorce to obtain the Master's degree.

This is not the case of a man of wealth, unemployed, doing nothing or wasting his earnings in luxurious living but of a man seeking to better his station in life — first with his wife's encouragement and now against her wishes. This case is not similar to *Bentley* v. *Bentley* (78 N. Y. S. 2d 494); *Vought* v. *Vought* (22 Misc 2d 356); *Brandt* v. *Brandt* (36 Misc 2d 901); or *Harless* v. *Harless* (192 Misc. 5). In all of these cases the husband or father was doing nothing to better himself but was a playboy, idling away his time and ability with no future plan or purpose in view, or had incurred debts and obligations of second marriages. Accordingly, the court holds that the respondent is complying with the statute and earning what he is able under these circumstances. Moreover, it would be unwise at this late date to order the respondent to abandon his course and present employment and return to his former trade with the loss of time and money and with no proof that he could secure such employment and earn the amount he formerly did. Therefore, the court rejects the petitioner's petition on this point. However, the court does believe that respondent should obtain other employment in addition to his present position to supplement his present income in either his old trade or another one.

The expenses of the children as outlined by the petitioner far exceed the amount of any order the court can make and appear to be very high considering the status of the parties. The respondent lists his expenses at $298 and his salary at $315 net monthly. Here again the court feels that under the circumstances the respondent's expenses are high and that he can reduce them to some degree. Moreover, under these particular circumstances, the court feels that with his education and knowledge he should supplement his income with additional work particularly until May, 1967 when he receives his degree. The respondent testified that he had no assets since he gave his former wife his interest in a house they owned jointly, and assigned a small bank account and stocks to her.

The present temporary order of $50 weekly is modified to $25 weekly for both children starting September 6, 1966 and made permanent.

During the time I have had this matter under consideration, I have received letters from both attorneys as to subsequent developments. I have not taken this information into consideration and base my decision solely upon the record before me. Any new development should be taken up with the Clerk of the court for appropriate action.