Matter of Mark G. v Epidy (2004 NY Slip Op 50523(U))

[*1]

Matter of Mark G. v Epidy

2004 NY Slip Op 50523(U)

Decided on June 7, 2004

Family Court, Orange County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 7, 2004

Family Court, Orange County
In the Matter of a Proceeding under Article 4 Mark G., Petitioner,
against
Lauren Epidy, Respondent.
F-01440-03

David L. Levinson, Esq.
Levinson, Reinke & Ornstein, P.C.
11 Abrams Road
P.O. Box 244
Central Valley, New York 10917
Counsel for Petitioner, Mr. G.
Harold A. Seidenberg, Esq.
148 Main Street
Nyack, New York 10960
Counsel for Respondent, Mrs. E.

Carol S. Klein, J.
A petition under Docket #F-01440-03 was filed by Mark G. sworn to February 12, 2003 seeking an order modifying a prior judgment of divorce [FN1] based upon a change of circumstances. Mr. G. was seeking a reduction of his child support obligation on the grounds that the child, Daniel G. was no longer residing in his mother's home as he is a full time boarding student at Storm King School. This matter came on to be heard before a Support Magistrate of this Court on December 5, 2003 at which time, Petitioner, Mark G. appeared personally and by his counsel, David L. Levinson, Esq., of Levinson, Reinke & Ornstein, P.C., and Respondent Lauren Epidy appeared personally and by her counsel, Harold Seidenberg, Esq.
By order dated February 5, 2004 and entered February 6, 2004, the Support Magistrate granted the relief sought in Mr. G.'s petition finding that there had been a change in circumstances since the entry of the judgment which made a modification necessary and proper. The Support Magistrate found that the child, Daniel G. was a full time boarding student at the Storm King School. She calculated the non-custodial parent's child support obligation under the Child Support Standard Act based upon Mr. G.'s stipulated income of $500,000.00 to be $21,580.00 per year. The Court further determined that Mr. G. was paying the full tuition room and board at the Storm King School in the amount of $28,000.00 and effectively credited this against his child support obligation.
The Support Magistrate further determined that should Mr. G. be required to pay child [*2]support, Ms. Epidy would be unjustly enriched. The Court directed that when the child is residing with Respondent for a full month, Petitioner is to pay the sum of $1,797.00 per month current support.
On February 19, 2004, Respondent, Lauren Epidy filed specific written objections to this Order with the Court along with her proof of service of same upon Petitioner. On March 17, 2004, Petitioner submitted his response to Respondent's objections. On March 22, 2004, Respondent provided copies of the transcripts of the proceedings held before the Support Magistrate on April 9, 2003, October 14, 2003 and December 5, 2003.
The crux of Respondent's objection is that the Support Magistrate erroneously modified the terms of the prior judgment which incorporated but did not merge the parties prior Separation Agreement. She further points out that the Support Magistrate failed to articulate how she calculated Petitioner's basic child support obligation.
The Court has reviewed the objections, Petitioner's reply, the contents of the file and the transcripts of the prior proceedings and finds that the objections should be sustained for the reasons set forth herein.
FACTS
The parties entered into a Separation Agreement on October 23, 1989. The Separation Agreement was then incorporated but not merged into the parties' divorce judgment dated December 11, 1990. Under Article 10 of the Agreement entitled "Support and Maintenance of the Wife and Child", the parties agreed as follows:

"The husband shall pay to the wife, the sum of $225.00 per week for a period of four years after the execution of this stipulation, the sum of $250.00 per week for the next five years, and thereafter the sum of $300 per week until such time as Daniel is emancipated, as "emancipation" is hereinafter defined"
In addition, the agreement further provides for the following;

"Husband will supply the Wife with Credit Cards for Daniel's usual and reasonable needs, including but not limited to clothing. This credit allowance shall be in addition to the sums previously set forth herein. The Husband will pay for all reasonable and necessary expenses for Daniel's day care."
Article 11 of the same agreement further provides for a cost of living adjustment (COLA) to the Child support obligation each year commencing in 1990 based upon the Consumer Price Index. Thereafter, in Article 13 of the Agreement, it states in relevant part the following:

"1. The Husband shall pay for the reasonable expenses for the tuition, fees, transportation and outfitting of Daniel at a summer camp, whether day camp or sleep away camp.
2. If Daniel has been recommended by a teacher ... or other education advisor to obtain tutoring help with respect to any academic lessons or courses, the Husband agrees to pay promptly the reasonable costs of said tutoring" and
3. The Husband agrees that he shall pay all expenses including School Bus [*3]transportation for nursery school, private primary school, private secondary school and undergraduate college education."
4. ......"the education expenses referred to in this paragraph (college expenses), shall include, but not be limited to, application and testing fees, review courses for entrance tests, room, board, tuition, university and activity fees, required books, materials, supplies, reasonable transportation and incidental expenses"
Emancipation of the child is thereafter defined in Article 14 which states that the child justifiably establishing a permanent residence away from that of the mother shall constitute an emancipation event. However, the agreement further goes on to state that;

 "residence at camp, boarding school, college or travel shall not be deemed a change in the permanent residence of the child sufficient to constitute emancipation" (emphasis added)
LAW
It has long been held under Boden v. Boden , 42 N.Y. 2d 210 (1977) that

"..where the parties have included child support provisions in their separation agreement, the court should consider these provisions as between the parties and the stipulated allocation of financial responsibility should not be freely disregarded. It is to be assumed that the parties anticipated the future needs of the child and adequately provided for them. It is also to be presumed that in the negotiation of the terms of the agreement the parties arrived at what they felt was a fair and equitable division of the financial burden to be assumed in the rearing of the child. Included in these obligations is the financial responsibility of providing the child with adequate and reasonable educational opportunities. Absent a showing of an unanticipated and unreasonable change in circumstances, the support provisions of an agreement should not be disturbed (see Matter of Halpern v Klebanow, 21 AD2d 858; Matter of Lewis v Lewis, 5 AD2d 674, mot for rearg den 5 AD2d 777, app dsmd 4 NY2d 872, supra.; Unger v Schiff, 277 App Div 1123, mot for rearg and mot for lv to app den 278 App Div 571, app dsmd 302 NY 767).
The Boden principle also applies to the Child support obligor seeking a downward modification of the support obligation. He or she also has the burden of establishing an unanticipated, unreasonable and substantial change in circumstances. Padilla v. Padilla, 308 A.D. 2d 591 (2d Dep't 2003).
In the instant case, the Support Magistrate did not make findings upon which an unanticipated change in circumstances can be supported. She primarily determined that the child was a full time boarding student and accordingly proceeded to modify the prior judgment. The Court must look at this fact in conjunction with the parties' prior agreement to determine if such an event rises to the level necessary to meet Boden. 
[*4]
The parties made provisions in their agreement that, in addition to the child support obligation, the Husband would pay for private primary and secondary schooling, as well as college expenses. Under the definition of the college expenses, the full gamut of possible expenses, including room and board, as a separate and distinct obligation of the Husband were outlined in the Agreement. Additionally, under Article 14 the parties agreed specifically that the enrollment of the child in boarding school would not constitute an emancipation event sufficient to terminate child support.
The law is clear when parties have provided for separate and distinct obligations in an agreement such as this, no credit against child support is permissible. Meccico v. Meccico, 76 N.Y. 2d 822 (1990).
In, Regan v. Regan, the Supreme Court, Appellate Division clarified that where the parties settlement agreement sets forth the child support obligation and college obligations separately and distinctly without reference to either provision or an offset, one may not be applied. Id., 254 A.D. 2d 402 (2d Dep't 1998). "A Separation Agreement is a contract subject to principles of contract construction and interpretation, and where possible should be read as whole to avoid inconsistencies to give each provision meaning." Jenkins v. Jenkins, 260 A.D. 2d 380 (2d Dep't 1999).
It is this Court's opinion that the Support Magistrate erroneously interpreted and misapplied the terms of the parties prior agreement. For example, under the terms of Paragraphs 10 and 13, child support would not cease or be subject to a credit once the child attends college, since education expenses under Article 13 are specifically defined to include room and board. In that instance, based upon Meccico and Regan, there would be no credit against child support. Additionally, the agreement also provides for a separate and distinct obligation of the Husband should the child attend private primary or secondary school. And the parties specifically exempted Boarding School when defining emancipation as an event that would NOT result in the termination of child support. In none of the above cases, under the current law in the Second Department, would there be any credit against Child Support. Accordingly, the attendance at a private primary or secondary school which happens to be a boarding school should not result in a different interpretation or be the basis for finding an unanticipated change in circumstances which could warrant a modification of the child support obligation in this case.
Based upon the foregoing and the law as applied thereto, the Support Magistrate's determination in this matter was erroneous. Because the Court is making this determination, it need not reach the Respondent's other objection with regard to the failure of the Support Magistrate to set forth her rational in determining Petitioner's Child Support Standard's Act Basic Child Support Obligation to be $21,580.00. However, the Court does note that although the Order sets out that the parties stipulated to Mr. G.'s income for purposes of the proceeding at $500,000.00, Ms. Epidy's income is not set forth. Moreover, there is no articulation of the factors in Fam. Ct. Act 413 regarding on what amount Child Support was calculated; or why it was calculated on any amount over and above $80,000.00, or how the Court reached the amount of $21,580.00.
N.Y. Fam. Ct. Act 439(e) requires the Support Magistrate to submit findings of fact and separately state each parent's adjusted income and their CSSA support obligation. Then, if a [*5]"court chooses to apply statutory percentage to combined parental income over $80,000 to determine child support obligation, it is required to provide some record articulation of its reasons in order to facilitate appellate review, and in addition to providing a record articulation for deviating or not deviating from the statutory formula, court must relate that record articulation to the statutory factors." McKinney's Family Court Act § 413, subd. 1(f). Gluckman v. Qua 253 ad 2d 267 (3d Dep't 1999).
Assuming arguendo that the Support Magistrate's finding of an unanticipated change of circumstances exists was sufficient to warrant a modification, her reasoning thereafter was flawed. Once determining a modification was appropriate, she should have articulated each parties' income, and their respective child support obligation, then determined if same was unjust or unreasonable under the factors set forth in Fam. Ct. Act 413 and explained why a deviation was appropriate. None of that was done.
Now, therefore, it is hereby
ORDERED, that Respondent's objections are granted; and it is further
ORDERED, that the Support Magistrate's prior order dated February 5, 2004 is hereby vacated in its entirety and Petitioner's prior support obligation reinstated [FN2]; and it is further
ORDERED, that the Petition for a modification filed by Mr. G. is to be dismissed for failure to show an unanticipated change in circumstances.
This constitutes the Decision and Order of this Court.
Dated: June 7, 2004E N T E R
Goshen, NY
____________________________
Hon. Carol S. Klein, JFC
 To:
David L. Levinson, Esq.
Levinson, Reinke & Ornstein, P.C.
11 Abrams Road
P.O. Box 244
Central Valley, New York 10917
Counsel for Petitioner, Mr. G.
[*6]
Harold A. Seidenberg, Esq.
148 Main Street
Nyack, New York 10960
Counsel for Respondent, Mrs. E.

Footnotes

Footnote 1: The Divorce Judgment incorporated but did not merge a prior separation agreement entered into by the parties. 

Footnote 2: It appears from the record below and the contents of the file, that the parties entered into a second agreement in 1994 which was to be incorporated and not merged into an amended judgment of divorce whereby, Petitioner's child support obligation was set at the sum of $415.00 per month or $1,797.00 per month (which is the amount set by the Support Magistrate in her order should the child reside with Respondent for one complete month). However, that agreement was never reduced to an order or judgment upon which this Court can rely in enforcing support. The Court must look back to the divorce judgment which at this time requires Mr. G. pay the sum of $300.00 per week in child support subject however, to the CPI, COL Adjustment. The COL adjustment is to be calculated by Mr. G. in accordance with the CPI and provided to Ms. Epidy annually with an analysis of how same was calculated.